Cyrus Arndt, Appellant, v. Hattie Hosford *et al.*, Appellees.

1. Pleading and Practice: WAIVER OF DEFECTS. Where the facts pleaded in an answer as an estoppel against the plaintiff's right of recovery are insufficient to constitute an estoppel, but the plaintiff fails to take advantage thereof either by demurrer or by a motion in arrest of judgment, he will not be entitled to have the jury instructed to disregard the evidence that has been introduced in proof of such facts as not constituting any defense to the action, nor can he complain of the giving of instructions upon such question which are proper as applied to the pleadings and evidence.

2. Instructions to Jury: WEIGHT TO BE GIVEN EXPERT TESTIMONY. In an action to recover for services rendered by one as an attorney in a cause, in conjunction with another attorney, the testimony of several practicing attorneys was taken and received upon hypothetical questions, some of which were founded in part only upon facts disclosed by the record. *Held*, that, in view of such testimony, the court properly instructed the jury that they were "not concluded by the statement of any or all of the attorneys," but that they should consider all of the evidence showing what the plaintiff did, and the value of his services, "in the light of their own common knowledge."

3. **Verdict: SPECIAL FINDINGS: ERROR WITHOUT PREJUDICE.** The jury having returned certain special findings in harmony with their general verdict, which the court set aside, and rendered judgment upon the general verdict, *held*, that the action of the court was without prejudice to a party attacking the correctness of the general verdict.

4. ———— **: AMOUNT: EVIDENCE.** Where the verdict of a jury is supported by evidence it will not be set aside for the reason that the evidence warranted a verdict in a larger amount.

*Appeal from Harrison District Court.*—HON. C. H. LEWIS, Judge.

THURSDAY, MAY 21, 1891.

ACTION to recover an amount alleged to be due for services rendered by the plaintiff as an attorney. There was a trial by jury, and a verdict and judgment in favor of plaintiff, from which he appeals.—*Affirmed.*

*Bolter Bros.* and *Cyrus Arndt*, for appellant

*L. Brown*, for appellees.

ROBINSON, J.—The plaintiff claims that he rendered services as an attorney for and at the request and for the benefit of Hattie Hosford, in two actions specified, and that such services were reasonably worth the sum of four hundred dollars. Judgments were rendered in each action in favor of Mrs. Hosford, and a lien for the amount due the plaintiff was secured in the manner provided by section 215 of the Code. For the purpose of releasing such lien, the defendant, Hattie Hosford, as principal, and defendants, Reuben Newton and E. Puddy, as sureties, executed a bond, as provided by section 216 of the Code, which was duly approved by the proper clerk, and filed in his office. The plaintiff demands judgment on the bond, and also generally for the amount claimed. The defendants deny that Mrs. Hosford is indebted to the plaintiff in any sum whatever, and allege that the services for which a recovery was sought were rendered for S. H. Cochrane, who had

been fully paid for them.   The defendants, Newton and Puddy, further pleaded that they were induced to sign the bond in suit by virtue of an agreement made between the plaintiff and Mrs. Hosford, by which the plaintiff agreed that he would make no charges or claim against Mrs. Hosford in the cases specified, and, also, by reason of statements made to them by the plaintiff at various times during the progress of the trials, to the effect that the services he rendered in the cases were for the benefit of Cochrane, who was the attorney employed to take charge of them, and with whom he exchanged work.   The jury returned a verdict in favor of the plaintiff, and against Mrs. Hosford alone for fifty dollars.   They also returned certain special findings. A motion for a new trial was ·filed by the plaintiff, and overruled, the special findings were set aside, and judgment was rendered in favor of the plaintiff on the general verdict.

I.   At the proper time the plaintiff asked the court to instruct the jury as follows:   "1.   The incontrovert-

1. PLEADING and practice: waiver of defects.

ible evidence shows that, if any conversation ever occurred between the plaintiff Arndt and E. Puddy and R. Newton, concerning the question of Arndt's appearing free of charge, it occurred before the filing of the plaintiff's attorney's liens.   You are, therefore, instructed not to consider this evidence, as the same constitutes no defense to his action on the bond.

"2.   The only questions for your determination are : Was the plaintiff employed to act as attorney for Mrs. Hosford in the proceedings referred to, and did he perform the services for her?   What were the services of plaintiff reasonably worth?"

The court refused to give these instructions, and charged the jury, in effect, that, if the sureties were told by the plaintiff that he was not to receive any compensation for his services from Mrs. Hosford, and they executed the bond relying upon and in consequence of such statements, the plaintiff could not recover of. them.   The appellant complains of this

action of the court, and insists that no estoppel was
proven; that, when the bond was executed and filed,
the sureties knew that he was claiming compensation,
and that the bond was in terms executed for the pur-
pose of releasing his lien. We think it is true that the
facts proven do not constitute an estoppel, but the
appellant is not in condition to take advantage of that
fact. The proof corresponds with and sustains the
separate answer of the sureties. That, taken with the
averments of the petition, showed that the alleged
agreement of the plaintiff with Mrs. Hosford, and his
statements to the sureties, were made before notice of
the lien was given, and that the bond was given with
knowledge of the claim now made by the plaintiff.
The answer of the sureties was, therefore, demurrable.
The plaintiff did not, however, demur, but waived the
defect in the pleading by going to trial on the issues
the answer presented. He did not file a motion in
arrest of judgment, and it is now too late for him to
urge the insufficiency of the pleading, or of the evi-
dence which tends to prove its averments. Code, secs.
2648, 2650, 2664; *Linden v. Green,* 81 Iowa, 365, and
cases therein cited. The rulings of the court, in regard
to the instructions of which complaint is made, were
correct, as applied to the pleadings and evidence in this
case.

II. The sixth paragraph of the charge to the jury
is as follows: "If you do not find from a preponderance
2. Instruction to jury: weight to be given expert testimony. of the evidence herein that plaintiff was
employed by Mrs. Hosford, then you should
find for all of the defendants, as against
plaintiff; but if you do find that he was employed by
Hattie Hosford, then you come to determine from the
evidence therein the amount which he should recover.
You have before you, as bearing on that question, the
testimony of several practicing attorneys. You also
have before you the facts as to what was done by Mr.
Arndt. You are not concluded by the statement of any
or all of the attorneys; that is, you are not bound to
find the facts to be as they have testified, but you

should consider their evidence, and you should also consider the evidence herein, and all of it, showing what plaintiff Arndt did for Mrs. Hosford, the time by him employed, and the value of his services in and about the suits, fees for which he now seeks to recover; and this you should do in the light of your own common knowledge, and from all the evidence before you. If you find plaintiff should recover, award him that amount, and that only, which from the evidence herein is fair and reasonable compensation for the work actually performed by Arndt, and for which he seeks to recover."

The appellant urges against this portion of the charge objections as follows: "*First.* It states substantially that the attorneys who testified were not of a class who are worthy of credit, and that the jury are not bound by what they say. *Second.* The question of the credibility of attorneys is made so prominent as to create or add to the already existing prejudice against them. *Third.* It states and directs the jury to base their verdict on their own common knowledge, rather than upon evidence." We do not understand that the jury were told that they might disregard evidence given in the case, and determine the amount which the plaintiff was entitled to recover by facts within their own knowledge; but they were told in effect to consider all the evidence offered, whether given by experts or others, and, in estimating its proper weight, to consider it in the light of relevant facts commonly known. The conclusions of juries must be drawn from the evidence submitted for their consideration, and not from particular facts within their private knowledge. But in weighing evidence jurors must be permitted to exercise a judgment founded upon the common knowledge of mankind. *Head v. Hargrave,* 105 U. S. 45; *Stevens v. City of Minneapolis,* 42 Minn. 136; 43 N. W. Rep. 842. The portion of the charge in question was applicable to the facts in this case. Mr. Cochrane assumed the management of the cases in which Mrs. Hosford was interested, drew the pleadings,

prepared them for trial, and conducted them in court. The plaintiff rendered some assistance in giving advice, preparing some of the evidence, and in other ways, but his services were not so valuable as were those of Cochrane. The testimony of several of the expert witnesses was given in answer to hypothetical questions, which were founded in part only upon facts disclosed by the record. It was, therefore, necessary for the jury to consider all the evidence in regard to services rendered, some of which was given by non-expert witnesses in fixing the amount of compensation to which the plaintiff was entitled.

III. The jury returned four special findings. The first was, in substance, that Mrs. Hosford did not employ the plaintiff for hire in the cases in controversy; the second was that his services were not accepted under an agreement that he should receive no compensation therefor; the third was that, prior to the execution of the bond in suit, he stated to Newton and Puddy that his services were to be rendered without charge; and the fourth was that the persons named were induced to execute the bond by the statements so made to them. These special findings are not in conflict with the general verdict, but are in harmony with it. The plaintiff, therefore, was not prejudiced by the action of the court in setting them aside.

*3. VERDICT: special findings: error without prejudice.*

IV. It is claimed that the verdict was contrary to the evidence. The jury might have found for the plaintiff for a larger sum, no doubt; but we cannot say the amount they fixed is so unsupported by the evidence that the verdict should be set aside.

The judgment of the district court is AFFIRMED.