SANDERS et al. v. GRAVES.

(Circuit Court, D. Montana. January 29, 1901.)

No. 515.

ATTORNEY AND CLIENT — VALUE OF SERVICES — EXPERT TESTIMONY — TRIAL — QUESTIONS FOR JURY.

Where, in an action by an attorney for value of services, there was evidence of the nature and character of the services rendered, and the evidence established by practicing attorneys as to the value was that the services were worth $5,000, it was error to instruct that, if the jury found for plaintiff, he was entitled to recover in that sum, as the jury were not

bound by the evidence of the experts, but were entitled to find the value from their own opinion, considering the nature of the services and the time expended.

Walsh & Newman, for plaintiffs.
Clayberg & Gunn, for defendant.

KNOWLES, District Judge. This action was brought by the plaintiffs against the defendant to recover the sum of $25,000, alleged to be due as the reasonable value of professional services as attorneys at law performed for the defendant at his special instance and request. There was evidence introduced of the nature and character of these services and of the time occupied in performing the same. There was also the evidence of practicing attorneys, who gave their opinions as to the value of the services of the plaintiffs upon the facts stated, and the plaintiffs also testified as to such value themselves. There was no evidence as to the value of said services on the part of the defendant. The evidence as to the value of said services was that the same, upon the facts stated, were of the reasonable value of $5,000.

The court gave to the jury the following instruction:

"You are instructed that you are the judges of the credibility of the witnesses and of the weight of the evidence, and, if you find that the testimony of the witnesses that the reasonable value of the services performed was the sum of $5,000 is false, then you will find for the defendant; but, if you believe that evidence, then find for the plaintiffs for the full sum of $5,000."

The defendant excepted to this instruction. The jury found for the plaintiffs in the sum of $5,000. The defendant now comes before the court and petitions for a new trial, upon the ground that the above instruction was error.

The defendant relies upon the case of Head v. Hargrave, 105 U. S. 45, 26 L. Ed. 1028. It is contended that this case supports the position that in estimating the value of the plaintiffs' professional services the jury were not bound by the evidence of the experts as to the reasonable value of said services, but could find from their own judgment, considering the nature and character of said services, and the time occupied in their performance, the value thereof, and were not bound by the opinion of the experts in regard thereto. I find that this contention is supported by the case of Head v. Hargrave, supra. This view is also sustained by the following decisions: Leitensdorfer v. King (Colo. Sup.) 4 Pac. 39; Bentley v. Brown (Kan. Sup.) 14 Pac. 434; Kilpatrick v. Haley (Colo. App.) 41 Pac. 508; Willard v. Williams (Colo. App.) 50 Pac. 208; Arndt v. Hosford, 82 Iowa, 503, 48 N. W. 981; In re Dorland's Estate, 63 Cal. 282; Whitney v. City of New Orleans, 4 C. C. A. 521, 54 Fed. 617. The court feels bound by the case of Head v. Hargrave, and must, therefore, grant defendant's petition for a new trial. In doing so, however, I wish to express my dissent from the views expressed in that case. In its opinion therein the court says:

"The only question presented for our consideration is whether the opinions of the attorneys as to the value of the professional services rendered were to control the judgment of the jury so as to preclude them from exercising their own knowledge or ideas upon the value of such services."

In speaking of the instructions asked by the defendant in that case, the court says, "Those instructions correctly presented the law of the case." In turning to these instructions, I find the following:

"In determining the value of the plaintiff's services the jury are not bound by the testimony of the expert witnesses. That testimony may be considered by the jury; but if, in their judgment, the value fixed by those witnesses is not reasonable, they may disregard it, and find the amount which, in their judgment, would be reasonable."

Considering this language, I think it is held by the supreme court that a jury may take the facts as to the character of professional services, the time occupied in performing the same, and determine their value from their own general knowledge upon the subject. It is stated "other persons besides professional men have knowledge of the value of professional services." There are statements in the opinion which would indicate that this general knowledge which the jurors possess concerning such professional services should be considered in weighing the testimony of the experts. There certainly is no objection to this. The objectionable feature is that the jury itself, under the rule laid down, may determine itself, from the facts in the case, from their own knowledge or ideas, the value of such services. This would, in effect, constitute the jurors themselves as experts. If the value of professional services lies within the common experience and ordinary intelligence of men, then it is improper to admit expert testimony as to their value.

In the case of Ferguson v. Hubbell, 97 N. Y. 513, it is said:

"Where the facts can be placed before the jury, and they are of such a nature that jurors generally are just as competent to form opinions in reference to them as witnesses, then there is no occasion to resort to expert or opinion evidence." It is also stated "that it is not sufficient, to warrant the introduction of expert evidence, that the witness may know more of the subject under inquiry, and may better comprehend and appreciate it than the jury."

In Rog. Exp. Test. this view is approved. See page 26. In his book the author says:

"If the facts can be placed before a jury, and they are of such a nature that jurors generally are just as competent to form opinions in reference to them and draw inferences from them, then the opinions of experts cannot be received in evidence."

This view is supported by Lawson, Exp. Ev. p. 96. In discussing the mode of proving the value of attorneys' fees, Lawson, Exp. Ev. p. 442, says:

"There is no fixed standard by which their value can be determined. Their value and reasonable price vary with the magnitude and importance of the particular case, the degree of responsibility attaching to its management, the difficulty of the questions involved, the ability and reputation of counsel engaged, the labor bestowed, and other matters which will readily occur to the profession. The experience and knowledge of ordinary jurymen do not qualify them to form an opinion as to the value of services of this kind. The case is not one where the opinions of witnesses should be excluded because they are no better than the opinions of the jurymen themselves."

The author further states that practicing lawyers are peculiarly qualified to give opinions as to the value of such services. This view is sustained in Rog. Exp. Test. pp. 380, 381. He says:

"The opinion of one who is not an attorney is incompetent to prove the value of an attorney's services." Hart v. Vidal, 6 Cal. 56.

If jurors are competent to take the facts in evidence in a case and fix the value of attorneys' fees, I can see no necessity for calling in attorneys as experts to give their opinions in regard thereto.

In the case of Wood v. Barker, 49 Mich. 295, 13 N. W. 597, the court had occasion to consider the action of a jury in valuing the fees of a physician. The lower court charged the jury that, if they were not satisfied with the testimony of the experts, they were at liberty to use their own judgment on the question of value of the physician's services. The supreme court of Michigan, in reviewing this instruction, said:

"There can be no presumption of law concerning the value of a surgeon's services, and there is no presumption that a jury can ascertain it without testimony of some kind from persons knowing something about such value. As already suggested, there was positive testimony of value not discredited, and, in the case of Dr. Harding, given by a disinterested witness called for important purposes by the defendant himself. We can see no sufficient reason for the suggestion that all this testimony might be disregarded, and there is no rule which would allow the jury to entirely ignore the testimony, and at the same time form an independent conclusion without testimony upon a matter which required proof beyond their conjecture or their opinion. We do not say that the value of a physician's services at a given time and place may not be known to other persons than physicians if they have been in a position to learn the customary or proper rates. But there is no legal presumption, and no reasonable probability, that all jurymen have this knowledge. And there can be no safety to any one if juries are to use their own unguided views on such matters."

I do not see why the views here expressed should not apply to attorneys' fees, especially in a case like this, where there was no conflict among the opinions of the experts as to the value of the services rendered. I conceive that jurors have more knowledge of the value of physicians' services than that of attorneys. As a rule, the charges of physicians in general practice are very near the same. It is only when we come to noted experts, and men of great reputations and ability, that they are changed materially. There are elements that always enter into the value of an attorney's services which are not the subject of common knowledge. His ability, his peculiar adaptability for his profession, his general standing before the courts of the country, are matters best known to his professional brethren. The supreme court evidently thought that the same rule should be considered as pertains in cases for damages. It said:

"If, for example, the question were as to the damages sustained by a plaintiff from a fracture of his leg by the carelessness of a defendant, the jury would ill perform their duty, and probably come to a wrong conclusion, if, controlled by the testimony of the surgeons, not merely as to the injury inflicted, but as to the damages sustained, they should ignore their own knowledge and experience of the value of a sound limb."

A physician would be disqualified under the rules of law from giving any such opinion. The question as to damages for personal injuries is peculiarly within the province of a jury. The jury itself, unaided by the opinions of experts, must ascertain and fix the damages in such a case. In doing this it is guided by the character and extent of the injury received. "We find it laid down generally

in the authorities that on question as to the amount of damages resulting from a particular transaction, witnesses, whether experts or not, cannot express an opinion, but are confined to a description of the injuries; it being the duty of the jury to estimate the damages from the facts proven as to the nature and character of the injuries." See Rog. Exp. Test. § 154, and cases there cited; Railway Co. v. Haynes, 47 Ark. 497, 1 S. W. 774; Norman v. Wells, 17 Wend. 136. The case of Patterson v. City of Boston, 23 Pick. 425, cited by the supreme court, I find, upon examination, was a case where a jury was called upon to assess damages for the taking of private property for a public use. By referring to Parks v. City of Boston, 15 Pick. 209, 210, I find that this estimate of damage for such taking was made under and by virtue of a statute which required the jury to view the premises; and the court said:

"The jury must, therefore, I think, exercise their own knowledge and experience fully; and perhaps, in most instances, with a competent and intelligent jury, such judgment could not be much aided by the estimates of others, though under oath, and in the form of testimony."

It is evident that the jury were required to perform the same services as were required of a committee under a previous statute. Such a committee was required to go upon the premises, and from its own knowledge and judgment assess the damages. In the case of Murdock v. Sumner, 22 Pick. 156, cited by the supreme court, there were facts presented to the jury upon which they could estimate the value of goods without resorting to their personal knowledge or the testimony of experts. There was evidence of the cost, quality, and condition of the goods; and the court says, "The jury might have found its verdict upon these facts." That is not a case like Head v. Hargrave, where, unless we consider the evidence of the experts as to the value of the services of plaintiffs, there was no evidence upon which to find their value, unless the jury was competent to find the value from the nature of the services and the time occupied in their performance. All the authorities admit that the question of the value of professional services is the subject of expert testimony. If a jury is at liberty, after considering the evidence upon the services of an attorney, to form its own judgment as to the value thereof, expert testimony might as well be dispensed with. A jury is sworn to decide a case according to the evidence, and the authorities are numerous that, if the jury fails to consider the evidence before it, its verdict should not stand. I think that in a case for the recovery of the value of professional services, if it should be left to a jury to determine the value of such services from its own knowledge and experience, the result would be most unsatisfactory to the profession. For the reason that I feel bound by the rule established in Head v. Hargrave, supra, it is ordered that a new trial be granted in this case.