## HEAD *v.* HARGRAVE.

1. A "statement" of the case, according to the law regulating civil proceedings in the Territory of Arizona, takes the place of a bill of exceptions, when the alleged errors of law are set forth with sufficient matter to show the relevancy of the points taken; and, though prepared for and used on a motion for a new trial, it is available on appeal from the judgment, when, by stipulation of the parties, it is made a part of the record for that purpose.

2. In an action for legal services, the opinions of attorneys as to their value are not to preclude the jury from exercising their "own knowledge and ideas" on the subject. It is their province to weigh the opinions by reference to the nature of the services rendered, the time occupied in their performance, and other attending circumstances, and by applying to them their own experience and knowledge of the character of such services. The judgment of a witness is not, as a matter of law, to be accepted by the jury in place of their own.

ERROR to the Supreme Court of the Territory of Arizona.

This was an action brought in a district court of Arizona to recover the sum of $2,000 alleged to be owing by the defendants to the plaintiffs for professional services as attorneys and counsellors-at-law in that Territory in 1877 and 1878. The complaint alleges that the services were performed in several suits and proceedings, upon a retainer by the defendants; and that they were reasonably worth that sum. The answer is a general denial.

On the trial, one of the plaintiffs testified to the rendition of the services by them in several suits, stating generally the nature of each suit, the service performed, and its value. Five attorneys-at-law also testified to the value of the services; three of whom were called by the plaintiffs and two by the defendants. They differed widely in their opinions, the highest esti-

mate placing the value of the services at $5,440, the lowest at $1,000.

The court instructed the jury, that, in determining the value of the plaintiffs' services, they might consider their nature, the length of time they necessarily occupied, and the benefit derived from them by the defendants; that the plaintiffs were entitled to reasonable compensation for the services rendered; and that the reasonableness of the compensation was a fact to be determined from the evidence as any other controverted fact in the case; and then proceeded as follows: —

"The services rendered were skilled and professional, and for the purpose of proving to you the value of that class of services rendered, professional gentlemen, attorneys-at-law, claiming to be familiar with the value of such services, have testified before you. If you accredit *these witnesses* with truthfulness, their testimony should have weight with you; and the fact as to what is a reasonable compensation should be determined from the evidence offered, and not from your own knowledge or ideas of the value of that class of services. In other words, you must determine the value of the services rendered from the evidence which has been offered before you, and not from your own knowledge or ideas of the value of such services."

The defendants thereupon asked the court to instruct the jury as follows: —

"In determining the value of the plaintiffs' services the jury are not bound by the testimony of the expert witnesses; that testimony may be considered by the jury; but if, in their judgment, the value fixed by those witnesses is not reasonable, they may disregard it, and find the amount which, in their judgment, would be reasonable.

"In determining the value of the plaintiffs' services the jury are not bound by the opinions of the witnesses, unless the jury shall find from all the evidence taken together, including the nature of the services, the time occupied in the performance of them, and the result of them, and the benefit derived by the defendants from the rendition of said services, that said opinions are correct."

The court refused to give these instructions, and an excep-

tion was taken. The jury thereupon gave a verdict for the plaintiffs for $1,800; upon which judgment was entered. A statement of the proceedings at the trial was then prepared, which, among other things, set forth the alleged errors of law excepted to by the defendants. This statement was used on a motion for a new trial, which was denied; and by stipulation it was embodied in the papers for the appeal to the Supreme Court of the Territory from the judgment, as well as from the order denying the new trial. The order and judgment were both affirmed; and, to review the judgment, the case is brought to this court.

*Mr. Thomas Fitch* and *Mr. C. J. Hillyer* for the plaintiffs in error.

*Mr. Philip Phillips* and *Mr. W. Hallett Phillips* for the defendants in error.

MR. JUSTICE FIELD, after stating the case, delivered the opinion of the court.

The defendants in error object to the use of the statement, which sets forth the exceptions taken, as not constituting a part of the record before us. The ground of the objection is, that the statement was prepared for and used on the motion for a new trial, with the disposition of which this court cannot interfere. The objection would be tenable but for the stipulation of the parties that the statement might be used on appeal from the judgment. A statement of the case, according to the law regulating civil proceedings in the Territory, takes the place of a bill of exceptions, when the alleged errors of law are set forth with sufficient matter to show the relevancy of the points taken. It is not the less available on appeal from the judgment when, by stipulation, it is embodied in the record for that purpose, though used on the motion for a new trial. We have had occasion to refer to this subject in *Kerr* v. *Clampitt,* which arose in Utah, where a similar system of procedure in civil cases obtains; and it is unnecessary to repeat what is there said. 95 U. S. 188.

The only question presented for our consideration is whether the opinions of the attorneys, as to the value of the professional services rendered, were to control the judgment of the jury so

as to preclude them from exercising their "own knowledge or ideas" upon the value of such services. That the court intended to instruct the jury to that effect is, we think, clear. After informing them that, in determining the value of the services, they might consider their nature, the time they occupied, and the benefit derived from them ; also, that the plaintiffs were entitled to reasonable compensation for the services, and that the reasonableness of the compensation was a fact to be determined from the evidence, — it proceeded to call special attention to the testimony of the attorneys, and told the jury that if they accredited *these* witnesses with truthfulness their testimony should have weight, and the fact as to what is reasonable compensation should be " determined from the evidence offered," and not from their own knowledge or ideas of the value of that class of services, and emphasized the instruction by repetition, as follows : " You must determine the value of the services rendered from the evidence that has been offered before you, and not from your own knowledge or ideas as to the value of such services." This language qualifies the meaning of the previous part of the instruction. It is apparent from the context that by the words " evidence offered " and " evidence that has been offered before you" reference was made to the expert testimony, and to that alone. Taken together, the charge amounts to this : that while the jury might consider the nature of the services and the time expended in their performance, their value — that is, what was reasonable compensation for them — was to be determined exclusively from the testimony of the professional witnesses. They were to be at liberty to compare and balance the conflicting estimates of the attorneys on that point, but not to exercise any judgment thereon by application of their own knowledge and experience to the proof made as to the character and extent of the services ; that the opinions of the attorneys as to what was reasonable compensation was alone to be considered. That the defendants so understood the charge is evident from the qualifications of it which they desired to obtain ; and the jury may, in like manner, have so understood it. And as we so construe it, we think the court erred, and that it should have been qualified by the instructions requested. Those instructions correctly presented the law of

the case.  It is true that no exception was taken to the charge; but its modification was immediately sought by the instructions requested, and to the refusal to give them an exception was taken.  Objection to the charge was thus expressed as affirmatively and pointedly as if it had been directed in terms to the language used by the court.

It was the province of the jury to weigh the testimony of the attorneys as to the value of the services, by reference to their nature, the time occupied in their performance, and other attending circumstances, and by applying to it their own experience and knowledge of the character of such services.  To direct them to find the value of the services from the testimony of the experts alone, was to say to them that the issue should be determined by the opinions of the attorneys, and not by the exercise of their own judgment of the facts on which those opinions were given.  The evidence of experts as to the value of professional services does not differ, in principle, from such evidence as to the value of labor in other departments of business, or as to the value of property.  So far from laying aside their own general knowledge and ideas, the jury should have applied that knowledge and those ideas to the matters of fact in evidence in determining the weight to be given to the opinions expressed; and it was only in that way that they could arrive at a just conclusion.  While they cannot act in any case upon particular facts material to its disposition resting in their private knowledge, but should be governed by the evidence adduced, they may, and to act intelligently they must, judge of the weight and force of that evidence by their own general knowledge of the subject of inquiry.  If, for example, the question were as to the damages sustained by a plaintiff from a fracture of his leg by the carelessness of a defendant, the jury would ill perform their duty and probably come to a wrong conclusion, if, controlled by the testimony of the surgeons, not merely as to the injury inflicted, but as to the damages sustained, they should ignore their own knowledge and experience of the value of a sound limb.  Other persons besides professional men have knowledge of the value of professional services; and, while great weight should always be given to the opinions of those familiar with the subject, they are not to

be blindly received, but are to be intelligently examined by the jury in the light of their own general knowledge; they should control only as they are found to be reasonable.

As justly remarked by counsel, the present case is an excellent illustration of the error of confining the jury to a consideration merely of the opinions of the experts. Of the five attorneys who were witnesses, no two agreed; and their estimates varied between the extremes of $1,000 and $5,440. Directing the jurors to determine the value of the professional services solely upon these varying opinions was to place them in a state of perplexing uncertainty. They should not have been instructed to accept the conclusions of the professional witnesses, in place of their own, however much that testimony may have been entitled to consideration. The judgment of witnesses, as a matter of law, is in no case to be substituted for that of the jurors. The instructions tended to mislead as to the weight to be given to the opinions of the attorneys, especially after qualifications of them designed to correct any misconception on this head were refused.

In *Anthony* v. *Stinson*, a question similar to the one here presented came before the Supreme Court of Kansas, and a like decision was reached. The instruction given at the trial that the testimony of certain lawyers as to the value of professional services should be the guide of the jury, and that they should be governed by it in finding the value of the services rendered, was held to be erroneous; the court observing that the jury were not to be instructed as to what part of the testimony before them should control their verdict; that, in order to control it, the testimony of experts should be of such a character as to outweigh by its intrinsic force and probability all conflicting testimony; and that they could not be required to accept, as a matter of law, the conclusions of the witnesses instead of their own. 4 Kan. 211.

In *Patterson* v. *Boston*, which arose in Massachusetts, the question was as to the damages to be awarded to the plaintiff for his property, taken to widen a street in Boston. The trial court instructed the jury that, in estimating the amount of the damages, if any of them knew, of his own knowledge, any material fact which bore upon the issue, he ought to disclose it

and be sworn, and communicate it to his fellows in open court in the presence of the parties; but that, in making up their verdict, they might rightfully be influenced by their general knowledge on such subjects, as well as by the testimony and opinions of witnesses. The case being taken to the Supreme Court of the State, it was held that these directions were not open to exception. Said Chief Justice Shaw, speaking for the court: "Juries would be very little fit for the high and responsible office to which they are called, especially to make an appraisement, which depends on knowledge and experience, if they might not avail themselves of those powers of their minds when they are most necessary to the performance of their duties." 20 Pick. (Mass.) 159, 166.

In *Murdock* v. *Sumner*, the same court, speaking through the same distinguished judge, said that " the jury very properly exercise their own judgment and apply their own knowledge and experience in regard to the general subject of inquiry." In that case a witness had testified as to the quality, condition, and cost of certain goods, and given *his opinion* as to their worth, and the court said that " the jury were not bound by the opinion of the witness; they might have taken the facts testified by him as to the cost, quality, and condition of the goods, and come to a different opinion as to their value." 22 id. 156.

In like manner, in this case, the jurors might have taken the facts testified to by the attorneys as to the character, extent, and value of the professional services rendered, and then come to a different conclusion. The instructions given, whilst stating that the nature of the services rendered, the time occupied in their performance, and the benefit derived from them might be considered by the jury, directed them that they should be governed by the opinions of the experts as to the value of the services, and, in effect, forbade them to exercise their own knowledge and ideas on that kind of services. This error would have been avoided if the instructions requested by the defendants had been given.

*Judgment reversed and a new trial ordered.*