## FORSYTH v. DOOLITTLE.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE NORTHERN DISTRICT OF ILLINOIS.

Argued December 21, 22, 1886. — Decided January 17, 1877.

In Illinois when a declaration in an action at law alleges a joint liability of two defendants, a plea in bar which does not traverse this allegation admits it, and makes the declarations of one defendant not served with process evidence against the other who has appeared and answered.

In an action by an attorney to recover for services rendered in defending a suit for the foreclosure of a mortgage upon a tract of land near a large town, and in preventing the foreclosure, and in bringing about a favorable sale of the property, evidence as to the character of the land and its possible value as a future suburb of the town is admissible.

As the length of hypothetical statements presented to a witness to ascertain his opinion upon any matter, growing out of the facts supposed, necessarily depends upon the simple or complicated character of the transactions recited, and upon the number of particulars which must be considered for the formation of the opinion desired, it must in a great degree be left to the discretion of the court; and in this case that discretion was properly exercised.

THE case is stated in the opinion of the court.

*Mr. Joseph E. McDonald* and *Mr. John M. Butler* for plaintiff in error.

*Mr. J. R. Doolittle, Mr. J. R. Doolittle, Jr.,* and *Mr. Melville W. Fuller* for defendants in error.

MR. JUSTICE FIELD delivered the opinion of the court.

This is an action to recover compensation for services rendered by the plaintiffs below to the defendants, in effecting a sale of certain lands in Indiana, and in various legal proceedings concerning the title, or claims against them. The declaration alleges a joint contract and liability by the defendants below, Caroline Forsyth and Jacob Forsyth, her husband; but the summons was served on her only. She appeared and pleaded the general issue. A statute of Illinois provides that

in actions on contracts, express or implied, against two or more defendants as partners, joint obligors, or payors, proof of their joint liability or partnership shall not be required to entitle the plaintiff to judgment, unless such proof shall be rendered necessary by a plea in abatement, or a plea in bar, denying the partnership or joint liability, verified by affidavit. The joint contract and liability of the defendants, therefore, stood admitted by the pleadings, and this is a sufficient answer to several objections taken to the admissibility of statements and the proof of acts of the defendant, Jacob Forsyth. Being jointly liable with Caroline on the contract in suit, his declarations respecting the services rendered under it were as admissible as if made by her.

The services for which compensation is sought were not only those required of attorneys and counsellors at law, but were also those of negotiators seeking to accomplish the result desired, by consultation with proposed purchasers, and presentation to them of the advantages to be derived from the property, present and prospective. Varied as were the legal services of the plaintiffs, it is plain from the testimony that those rendered by negotiation and consultation, and presentation of the uses to which the property could be applied, were far more effective and important. This fact necessarily had a controlling weight in estimating the value of the services. It is difficult to apply to such services any fixed standard by which they can be measured, and their value determined, as can be done with reference to services purely professional. There is a tact and skill and a happy manner with some persons, which render them successful as negotiators, while others of equal learning, attainments, and intellectual ability, fail for the want of those qualities. The compensation to be made in such cases is, by the ordinary judgment of business men, measured by the results obtained. It is not limited by the time occupied or the labor bestowed. It is from overlooking the difference in the rule by which compensation is measured in such cases, and that in cases where the services are strictly of a professional nature, that several objections are urged for reversal of the judgment recovered, which, if this difference were regarded, would not be seriously pressed.

The services rendered related to so many different subjects, that it would require a long narrative to describe them with much detail.   It is sufficient for the consideration of the questions not disposed of by what has already been said, to state generally the main facts of the case.   Caroline Forsyth, for several years before the employment of the plaintiffs, had been the owner of a tract of land consisting of 8000 acres in Indiana, about sixteen miles from Chicago.   Only about 1000 acres of it were fit for cultivation.   The principal value of the tract was owing to its proximity to Chicago, and to the belief that it could be made use of for manufacturing and commercial purposes as a suburb of that city.   It yielded no revenue; there were taxes due upon it, and portions of it had been sold for taxes.   It was subject to a mortgage for $163,000, executed in 1875, upon a loan of $100,000, which, with the stipulated interest to maturity, amounted to that sum; and a suit had been commenced by its holders in the Circuit Court of the United States in Indiana for its foreclosure, and the sale of the premises.

The defendants were without means to meet the mortgage debt or pay the taxes due, or even the expenses of agents dealing with the property, and relied entirely upon effecting a sale to obtain what was needed for these several demands.   The defendants had previously made an effort to sell the property to a stock company in London, and had signed certain documents for that purpose.   The company claimed a right to a conveyance pursuant to a contract made upon the supposed authority of those documents.   Another party, by the name of Horne, claimed that he had negotiated a sale, and was demanding $50,000 for his services.

It was when the property was in this condition, and when its entire loss seemed highly probable, from the inability of the defendants to meet the demands pressing for payment, that the plaintiffs were retained to help them out of their complicated embarrassments and effect a sale of the property, the defendants promising them, in case of success, compensation which should be "large, liberal, and generous."   The plaintiffs entered upon their employment, and during the fol

lowing nine months, by arduous labor, constant negotiation, and great tact, they accomplished what was desired. The suit to foreclose the mortgage was resisted, and its dismissal obtained. The property was sold for one million of dollars, one-third of which was paid in cash, and the balance secured by mortgage on the property. The existing mortgage was then redeemed, a large reduction from the amount claimed having been first obtained. The taxes and other debts were paid, and the claim of Horne was compromised and settled. A suit commenced pending these proceedings by the trustee of the London stock company to compel a conveyance of the property, was defended and ultimately defeated. It would serve no useful purpose to detail the number of particulars in which the skill and tact of the plaintiffs were exhibited. The claim made by them for compensation was resisted, and this action was thereupon brought. The jury found that it should have been $40,000, and gave their verdict for that amount. Of the justice of this amount we are not to determine. We are called upon only to see whether any error was committed in the manner in which the case was submitted to the jury.

We see nothing in the objection that evidence was admitted as to the character of the land sold, or its possible value as a future suburb of Chicago. Its character in this respect might increase or diminish the chances of its sale. The only points which we find in the record calling for examination arose from the hypothetical statements submitted to witnesses, with inquiry as to the value of the services thus supposed to have been rendered. There were such hypothetical statements upon five subjects, which embraced matters that were to be disposed of before the consummation of the contract of sale. They embody with some fulness the matters supposed by the plaintiffs to have been established, and it was only upon that assumption that the opinions of the witnesses as to the value of the services rendered were given. If the assumption was erroneous, if the matters supposed to be established were not in the judgment of the jury in truth established, the opinions went for nothing; and so the court instructed the jury. Its language was as follows:

" As to the questions, you must understand that they are not evidence; they are mere statements to these witnesses, called by the respective parties, of what the party putting these questions claims the proof shows was the nature and amount of plaintiff's services rendered; and, upon the hypothesis or assumption of these questions the witnesses are asked to give their estimate of the value of these services. You must readily see that the value of the answers to these questions depends largely, if not wholly, upon the fact whether the statements made in these questions are sustained by the proof. If the statements in these questions are not supported by the proof, then the answers to the questions are entitled to no weight, because based upon false assumptions or statements of facts."

And as to the estimate of the value placed by the witnesses upon the services, the language of the court to the jury was as follows :

" You are not bound by the estimate which these witnesses have put upon these services. They are proper to be considered by you, as part of the proof bearing upon the question of value, as the testimony of men experienced in such matters, and whose judgment may aid yours. But it is your duty, after all, to settle and determine this question of value from all the testimony in the case, and to award to the plaintiffs such amount, by your verdict, as the proof satisfies you is a reasonable compensation for the services which, from the proof, you find plaintiff rendered, after deducting the amount the plaintiffs have already received for such services."

The length of the hypothetical statements is urged as an objection to them. They were lengthy even without the exhibits, which constituted the larger portion; but the court took especial care to impress upon the jury that they were not to consider the statements as facts in the case, but merely as assumptions of the party propounding the questions. *Cowley* v. *The People*, 83 N. Y. 464, 470. The witnesses do not appear to have been confused by their length; they expressed no inability to fully comprehend them. Nor did the court, though complaining of their length, indicate that they were

unintelligible to the jury, or tended in any way to turn their minds from the points in issue.

The length of hypothetical statements presented to a witness to ascertain his opinion upon any matter growing out of the facts supposed, will necessarily depend upon the simple or complicated character of the transactions recited, and the number of particulars which must be considered for the formation of the opinion desired. And this subject, like the extent to which the examination of a witness may be allowed, must, in a great degree, be left to the discretion of the court.

We do not see that the rights of the defendants were at all prejudiced by them. The judgment, therefore, must be affirmed; and it is so ordered.

*Affirmed.*