WARD v. OHIO RIVER AND CHARLESTON RAILWAY CO.

1. NONSUIT.—There being some testimony tending to show the contract alleged, nonsuit was properly refused.
2. EVIDENCE—EXPERT TESTIMONY—PHYSICIANS.—A physician who has heard another describe a wound and its treatment, and has examined the wound, can testify as to the value of the services rendered.

Before BENET, J., York, November, 1897.   Reversed.

Action by T. S. R. Ward *v.* Ohio River and Charleston Railway Company, for medical services rendered an injured employee of the road at its request.

From judgment for plaintiff, defendant appeals.

*Messrs. N. W. Hardin* and *Geo. W. S. Hart,* for appellant.   The former cites: *Nonsuit should have been granted, because agent cannot employ physician:* 40 S. C., 450; 27 S. C., 134; 10 Rich., 332; 54 Mo., 177; 98 Ind., 358; 3 Exch., 268; 47 Ill., 188; 53 Ark., 377; 49 Am. Rep., 770; 67 Mo., 132; 28 Mich., 289; 35 S. C., 521. *Expert testimony:* 20 S. C., 452; 50 Vt., 723; 15 S. C., 408; 47 S. C., 57; 19 S. C., 69.

*Messrs. Finley & Brice,* contra, cite: *Nonsuit improper:* 16 S. C., 554; 42 S. C., 454; 21 S. C., 101. *Railroad Co. may employ physician to attend employee:* 44 A. & E. R. Ca., 459; 47 Ill., 188; 24 Kan., 228; 28 L. R. A., 546; 22 A. & E. R. Ca., 382; 50 Ill., 26; 67 Ill., 295; 82 Ill., 73; 1 A. & E. R. Ca., 343; 29 Md., 420. *Acts of agent may be cured by ratification by principal:* 22 A. & E. R. Ca., 382; 37 Id., 278; 47 Ill., 188. *Expert testimony:* 18 Vt., 626;

57 Ia., 476; 15 Mo. App., 480; 43 Ohio, 270; 22 S. C., 557; 20 S. C., 452; 6 A. & E. R. Ca., 139; 41 Mich., 667; 49 N. Y., 42; 49 Ia., 76; 44 N. H., 223; 39 Ia., 615; 19 A. & E. R. Ca., 387; 31 W. Va., 659; 2 L. R. A., 668.

July 19, 1898.   The opinion of the Court was delivered by

MR. JUSTICE POPE.   This was an action to recover from the defendant the amount of plaintiff's medical bill for attention to one P. B. Wilson.   The answer denied that the services of plaintiff to said Wilson were rendered at defendant's instance and request, and also that such services were not rendered with professional skill, etc.   There was also a general denial of the allegations of the complaint.   Judgment on verdict was for the plaintiff, and defendant now appeals.

At the close of plaintiff's testimony, the defendant moved for a nonsuit, because there was no competent, pertinent, and relevant testimony to show that the defendant had, by any of its agents authorized so to do, made a contract with plaintiff to perform the services as surgeon, sued on in this action, this being a material issue in this case.   We have looked through the testimony on this point with some care, and content ourselves with the statement that there is some such testimony; but, as we will hereafter show, there must be a new trial of this cause on another distinct ground, we prefer not to express any opinion as to such testimony.   This ground of appeal must be dismissed.   So also the second, which claims that there was no pertinent, competent or relevant testimony as to the contract of defendant with the plaintiff, cannot be sustained. Again we decline to point out and particularize this testimony, inasmuch as a new trial must be had on another distinct ground.

However, the third and fourth grounds are meritorious. They relate to the refusal of the Circuit Judge to allow Dr. Darwin, an expert witness, to testify whether the bill for medical attention was unreasonable and too high,

notwithstanding Dr. Darwin had heard the plaintiff, as a physician, testify to said charges, and also had seen the foot of P. B. Wilson.  When the defendant's counsel asked Dr. Darwin to express his opinion, as an expert, as to the reasonableness of the plaintiff's bill or account, as here presented, Judge Benet, who was the trial Judge, declined to allow it, saying, "as an expert, he can't give his opinion on the facts of the case."  We are unable to distinquish between lawyers and doctors as witnesses, for a lawyer is allowed to give his opinion in Court as a witness, touching the value of a brother lawyer's account for services.  This was allowed in the case of *Jones* v. *Kirkpatrick*, 47 S. C., 40, and also in the case of *Head* v. *Hargrave*, 105 U. S., 45. Why may not a physician testify in the same way as to the compensation sought by a brother physician?  The jury are not concluded by the opinions of either lawyers or doctors; they may still weigh the evidence (the opinion of experts), "by reference to the nature of the services rendered, the time occupied in their performance, and other attending circumstances, and by applying to them their own experience and knowledge of the character of such services."  Of course, our observations are directed to those cases where there is the absence of an express contract between the parties as to such charges.  The defendant was entitled to have this testimony come before the jury.  This right was denied it.  A new trial must, therefore, be had.

It is the judgment of this Court, that the judgment of the Circuit Court be reversed, and the cause be remanded to that Court for a new trial.