Shauck, O. J.
That the issues joined- cast upon the plaintiff below the burden of proof is not doubted by his counsel. The question presented and discussed is: Should the jury have been permitted to estimate the value of the services from their character and extent, unaided by the opinion of a witness touching such value? It was incumbent upon the plaintiff to present evidence tending to establish the facts from which the promise to pay for the services would properly be implied as well as those which would show the character and extent of the services on account of which a recovery was sought. With respect to such facts, distinguishing them from matters of opinion, the jury cannot be permitted to make any finding favorable to the plaintitff, unless it was within the probative effect of evidence offered. So far at least we have departed from the jury of the vicinage whose personal knowledge of the facts in issue was a substitute for the testimony of witnesses. The substance of the argument in support of the instruction given is that the rule recognized as applicable to facts of such character should extend to questions of value, which must remain matters of mere opinion, however numerous may be the witnesses who testify concerning them. The soundness of this position may be tested by supposing that *144 the plaintiff, instead of alleging that these services were worth three dollars per day, had alleged that they were worth one hundred dollars a day, and had introduced a witness who, under oath, expressed the opinion that they were of that value. Would the jury, in the absence of other opinions from witnesses, have been required to return a verdict for that amount? No one would suppose that they should adopt an opinion so variant from common knowledge. By what process of reasoning could we be conducted to the conclusion that that is indispensable evidence which may be wholly disregarded when given? If cannot be supposed that a jury of twelve men would be required to perform the elementary operations in addition and division by which the average opinion of witnesses would be ascertained. The jury in such a case may reject the opinions of witnesses, if they deem them unreasonable, because the facts touching the character and extent of the services which the plaintiff is required to prove, and which in fhe case before us were proved, are themselves' the subject of consideration by the jurors with a view to the exercise of their own knowledge and the formation of their own opinions as to their value. They may be used to correct the opinions of witnesses as to value, because they are themselves evidence of value. In a case of this character the witness, if placed id possession of the facts correctly assumed in a question, is in no better position for forming an opinion than that occupied by the jurors. We are not without the aid of adjudications upon the question presented. The case of Head v. Hargrave, 105 U. S., 45, was an action for the value of professional services rendered by an attorney-at-law, and upon this question Justice Field said: “It was the province of the jury to weigh the testimony of the attorneys as to the value of the services, by reference to their nature, the time occupied in their performance, and other attending circumstances, and by applying to it their own exper *145 ience and knowledge of the character of such services. To direct them to find the value of the services from the testimony of the experts alone was to say to them that the issue should be determined by the opinions of the attorneys and not by the exercise of their own judgment of the facts on which those opinions were given. * * * So far from laying aside their own general knowledge and ideas, the jury should have applied that knowledge and those ideas to the matters of fact in evidence in determining the weight to be given to the opinions expressed and from which only in that way they could arrive at a just conclusion. While they cannot act in any case upon particular facts material to its disposition resting in their private knowledge, but should be governed by the evidence adduced, they may, and to act intelligently they must, judge of the weight and force of that evidence by their own general knowledge of the subject of the inquiry. * * * Other persons besides professional men have knowledge of the value of professional services; and, while great weight should always be given to the opinions of those familiar with the subject, they are not to be blindly received, but are to be intelligently examined by the jury in the light of their own general knowledge; they should control only as they are found to be reasonable. The judgment of witnesses as matter of law is in no case to be substituted for that of the jurors.”
Since this view of the subject has been considerately taken where the services were of a professional character, it should of course prevail in a case where, as here, the services are of such a nature that an intelligent opinion touching their value may be formed from common knowledge. The same view has been applied in cases of the precise nature of this. Craig v. Durrett. 1 J. J. Marsh, 336; Baum v. Winston, 3 Met. Ky., 127. It derives support from other *146 cases cited in the briefs of counsel for the defendant in error;
The argument and citations in support of the instruction given fail to distinguish between facts in issue and opinions founded upon facts proved. The conclusion intimated will not make the verdict final, for the evidence as to the extent and character of the services rendered would come within the consideration of the trial judge on a motion for a new trial, and be presented to reviewing courts by a bill of exceptions. If the excellent opinion by Judge Laubie in McIntyre's Executor v. Garlick, 4 Circ. Dec., 429, 8 C. C., 416, had appeared in these volumes there would have been no occasion for this report

Judgment affirmed.