DENISON v. SHAWMUT MIN. CO.

(Circuit Court, W. D. New York. January 30, 1905.)

DAMAGES—EVIDENCE—OPINION OF EXPERTS—CONSIDERATION BY JURY.

Where the evidence of damages consists of the opinions of experts, the jury may give such evidence credence, or may apply their own experience or knowledge of the situation to the subject submitted to them as indicated by the facts; and while, if they take the range of the expert testimony alone, without applying their own knowledge or judgment, they may not go higher than the highest nor lower than the lowest figure of the experts, yet they may ignore such testimony altogether, and award no damages, or only nominal damages, or such as are, in their judgment, proper.

[Ed. Note.—For cases in point, see vol. 20, Cent. Dig. Evidence, §§ 2395–2398.]

Chas. J. Bissell, Louis L. Babcock, and George C. Miller, for plaintiff.

Frank Sullivan Smith (Martin Carey and James McC. Mitchell, of counsel), for defendant.

HAZEL, District Judge. This is a motion by the plaintiff after trial to set aside the verdict of the jury because of inadequacy of damages. The testimony of the witnesses on the question of market value of the coal at the mine may be, I think, properly termed opinion evidence, and hence the jury was not absolutely bound thereby. It was entirely within the domain of the jury to give such evidence credence, or to apply their own experience or knowledge of the situ-

ation to the subject submitted to them as indicated by the facts. The Conqueror, 166 U. S. 110, 17 Sup. Ct. 510, 41 L. Ed. 937; Forsyth v. Doolittle, 120 U. S. 73, 7 Sup. Ct. 408, 30 L. Ed. 586; Head v. Hargrave, 105 U. S. 45, 26 L. Ed. 1028, and cases cited. The instructions of the court authorized the jury to weigh the evidence of the expert witnesses on the question of market value, and to accept it as a guide, although they were free to exercise an independent judgment. Counsel for complainant at the conclusion of the charge stated that, as he understood the same, the damages must be within the range given by the expert witnesses as to the market value. "The jury could judge, but they could go no lower than the lowest nor higher than the highest." To this interpretation of the instructions the court assented. The charge upon the subject to which reference is made is as follows:

"The damages cannot exceed the amount proven. The market values given are not uniform. They vary in different periods. The evidence of the witness Roberts, when the values stated by him are reduced to the average price for the entire period, tend to show the plaintiff's damages to be $100,725.25; that of Ward, on the average, tends to show $86,558.58; and that of McMahon, when reduced to an average for the entire period, is $91,558.58. This summary I have taken from the figures submitted to me by plaintiff's counsel. You will verify them, or make your own computation. * * * According to the stipulation of the parties, the production during the period of the breach was 50,000 tons, the amount of coal delivered to the plaintiff on his orders prior to the breach was 20,165 tons. The prices to be paid under the contract, as we have seen, were $1 for fifty thousand tons, and $1.15 for any excess. You are not bound absolutely by the values stated, but they should be considered by you as a guide towards ascertaining the actual damage sustained by the plaintiff. * * * You may conclude, if, in your judgment, the proofs so warrant, that the plaintiff has not suffered or sustained any damage but only a nominal amount."

The assent of the court to the statement of counsel at the conclusion of the charge must be taken in connection with the portions of the instructions quoted. If the jury took the range of the expert testimony alone, without applying their own knowledge or judgment, then they could not go higher than the highest nor lower than the lowest figure of the experts, but they had the right, as indicated in the instructions, to ignore such testimony, and award no damages, or only a nominal amount or such an amount as in their judgment was proper.

It is contended by the defendant that the verdict was sufficiently justified on other grounds. Such problematical propositions, however, in view of the wide latitude allowed the jury in cases where the damages are predicated upon the special qualifications of witnesses called upon that question, and where the question of insufficiency of damages in the light of the facts may be doubted, need not be considered or discussed.

Motion denied.