# Williams's Estate.

*Practice, O. C.—Orphans' court—Findings of fact—Counsel fees.*

The findings of fact of the orphans' court as to the reasonableness of a counsel fee, will not be set aside by the appellate court, where it appears that the lower court heard evidence on the subject, and that the finding did not involve any abuse of discretion or manifest error.

Argued Oct. 18, 1911. Appeal, No. 153, Oct. T., 1911,

by Allen M. Stearne, from decree of O. C. Phila. Co.; Jan.
Term, 1910, No. 447, dismissing exceptions to adjudication
in Estate of Edward E. Williams, deceased.   Before
RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and
PORTER, JJ.   Affirmed.

Exceptions to adjudication.
The facts are stated in the opinion of the Superior Court.

*Error assigned* was decree dismissing the exceptions.

*James S. Williams,* for appellant.

*Joseph R. Embery,* for appellee.

PER CURIAM, November 13, 1911:

The appellant, an attorney at law, claimed $100 for
professional services rendered the testator in his lifetime,
and two reputable members of the bar testified that in
their opinion the amount claimed was reasonable.   There
was testimony as to the nature of the services, and as to
other matters which properly were to be considered in the
determination of the question of their value, and upon
consideration of all the evidence, the auditing judge found
that $50.00 would be reasonable compensation.   The
opinion of the court in banc, dismissing the exceptions to
the adjudication, properly directed attention to the fact
that the claimant represented another defendant in a
similar action and one investigation served the purposes
of both defendants, and concluded as follows: "We do not
think the auditing judge's allowance was over liberal—
on the other hand we cannot say that it was not reason-
able—the matter was pre-eminently one for the exercise
of his discretion."

The testimony as to the reasonableness of the attorney's
charge for his services was in the nature of opinion evi-
dence, and was not conclusive either upon the auditing
judge or the court in banc.   In other words, the judges of

the orphans' court were not obliged to lay aside their special knowledge of the general subject, but it was their province to weigh the opinion of the witnesses by reference to the nature of the services rendered, the time occupied in their performance and other attending circumstances, and by applying to them their own experience and knowledge of the character of such services. See Head v. Hargrave, 105 U. S. 45. Thus, viewing the province of the court, and after careful examination of all the evidence, we cannot say that the auditing judge or the court erred in not adopting the opinion of the witnesses. The fact that the judges reached a different conclusion does not raise an implication that they ignored the testimony of these witnesses, or did not give it the weight to which it was entitled.

Much is made of the remark in the opinion of the court in banc that "the matter was pre-eminently one for the exercise of his (the auditing judge's) discretion." But we think this does not imply that it was within the discretionary power of the auditing judge to fix the fee according to his independent judgment of what was right, without any regard to the testimony of the witnesses, or warrant the inference that the case was decided by the court upon that erroneous theory. The immediate context shows that the court regarded the question one of fact, and there is nothing to show that in the use of the word "discretion" the court had in mind anything but "deliberate judgment" based on due consideration of all the evidence and the law applicable thereto.

The case, therefore, falls within the general rule that a finding of fact by the auditing judge, approved by the court in banc, will not be set aside except for manifest error.

The decree is affirmed, and the appeal dismissed at the costs of the appellant.