By the Court.
 

 This is an action by a client against a lawyer to recover money retained by the lawyer as fees out of the proceeds of a judgment procured and collected by the lawyer. The client, Sadie T. Burke, in 1903 retained Delbert M. Bader, the lawyer, to recover damages from Alfred W. Baisch for breach of promise by Baisch to marry Miss Burke. The action was begun by Bader. Soon thereafter Baisch and Burke became reconciled and that action was dismissed. Bader was paid nothing as a retainer or for services in that case. Sixteen years later, in 1919, Burke sought to retain Bader to bring an action for damages from Baisch for a second breach of promise to marry Burke. This Bader declined to do unless Burke paid him $100 in advance, and agreed
 
 *279
 
 to pay him $200 more during the progress of that action, and to pay all expenses incident to the action. Nothing was then said by either Bader or Burke about the $300 being in full for services to be rendered by Bader. Burke paid the $300, and $130 more to cover expenses—total $430. Baisch shortly prior to the bringing of the second action had married another woman, and on the day following his marriage had conveyed all of his property, amounting to about $25,000, to his wife. Burke and Bader both understood that even if a judgment were recovered against Baisch for damages nothing could'be realized thereon until an action to set aside the conveyance to his wife, as made to defraud his creditors, was successfully prosecuted through the courts, and Burke was to bring and prosecute such action. Both actions were successfully prosecuted in the court of common pleas and in the Court of Appeals. They were vigorously and stubbornly defended by Baisch, and judgment for $6,000 was recovered against him, which was affirmed by the Court of Appeals. The conveyance to his wife was set aside in the court of common pleas as in fraud of the rights of Burke, and a like decree was entered in the Court of Appeals, ordering the property sold to pay the judgment, which then amounted, with interest, to $6,-792.15. Bader collected this amount and deposited it to his credit in his own bank. Pursuant to an agreement, which Bader claimed he had with Burke, that Bader was to receive as his compensation one-half of the net sum recovered from Baisch (which contract Burke denied), Bader deducted the $430 advanced by Burke from the $6,792.15,
 
 *280
 
 leaving a balance of $6,362.15, and then taking one-half of this sum, viz., $3,181.08, and adding thereto the $430, making a total of $3,611.08, Bader sent Bnrke his check for this last amount. Burke cashed the check. Bader retained as his compensation, in full, the balance, $3,181.07. Then Burke sued Bader for $3,181.07, and interest from the date the judgment was collected' by Bader. The jury returned a verdict in favor of Burke for the full amount claimed, with interest, amounting in all to $3,449.93. The Court of Appeals, two judges, only, sitting, reversed this judgment on the sole ground that the judgment was contrary to law, and certified in their journal entry that substantial justice had not been done to Bader in the trial court. The opinion of the Court of Appeals shows that the judges of that court who heard the case were of the opinion that the judgment was clearly against the weight of the evidence, but they were unable to reverse on that ground, only two judges sitting. Bader testified as to his contract for 50 per cent, of the amount recovered, and also testified that his services were reasonably worth the amount retained by him. Burke denied the contract for 50 per cent., but offered no evidence on the value of Bader’s services. The Court of Appeals held that the burden was on Burke to prove what part, if any, of the $3,181.07 retained by Bader was in excess of the reasonable value of his services rendered, and that, as Burke offered no proof on the reasonable value of Bader’s services, the jury had no evidence on which to return the verdict they did, and hence the verdict and judgment were contrary to law.
 

 
 *281
 
 Plaintiff in error here insists that the Court of Appeals should not have reversed the judgment in the court of common pleas, for the reason, among others, that the burden was in fact on Bader to show that he rightfully retained the money, and that the trial court should have so charged the jury, and for the further reason that the testimony of Bader himself, party to the action, as to the reasonableness of his fee, was not binding and conclusive upon the jury, even though Burke offered no evidence on that point, citing in support of this proposition
 
 Hossler, Exr.,
 
 v.
 
 Trump,
 
 62 Ohio St., 139, 56 N. E., 656;
 
 Head
 
 v.
 
 Hargrave,
 
 105 U. S., 45, 26 L. Ed., 1028; and other decisions.
 

 In view of the fact that Burke recovered the full amount claimed in the trial court, any error committed in the charge there against her on the burden of proof avails nothing here, and in view of the further fact that the jury did not pass on the value of the services of Bader in making up their verdict, but on the contrary entirely ignored the subject by bringing in a verdict for the full amount claimed, although Bader had included in his check the amount advanced by Burke, $430, and there was no dispute but what Bader had been very successful in both actions in both courts, we quite agree with the Court of Appeals that the verdict and the judgment finally entered thereon were contrary to law. The verdict of the jury for $3,449.93 was returned December 20, 1923. December 21 Bader filed his motion for a new trial. It was entirely manifest to Burke, and to the trial court as well, that a judgment could not be entered and sustained for the amount of the verdict. April 23,
 
 *282
 
 1924, Burke having remitted from the verdict all in excess of $2,250, the court overruled Bader’s motion for a new trial and entered judgment against him and in favor of Burke for $2,250. May 14, 1924, the court entirely of its own motion, so far as appears by the record, set aside the entry of April 23 overruling the motion for a new trial and entering judgment for $2,250, and then entered upon the journal that “the plaintiff having remitted from the verdict all in excess of $2,750, the motion for a new trial is overruled,” and then rendered judgment in favor of Burke and against Bader for $2,750.
 

 As the plaintiff had consented to remit all in excess of $2,250, and the court had entered judgment accordingly, it is difficult to understand why the trial court would restore to Burke $500, which Burke had theretofore voluntarily remitted to avoid a new trial being granted. If any one determined the value of the services of Bader, it was not the jury, but the trial judge. The Court of Appeals severely criticized the charge to the jury by the trial judge in several respects, saying, among other things, “We think the court erred in its charge in not clearly defining the issues on which the action was brought,” and, further, “just how the jury could have come to the conclusion that they did come to can only be accounted for from the manner in which it was submitted to them by his honor, the trial judge.” We are quite in accord with much that was said along these lines in the opinion of the Court of Appeals. There is abundant evidence in the record to justify the statement in the journal entry in the Court of Appeals that substan
 
 *283
 
 tial justice was not accomplished by the judgment in the trial court. The judgment of the Court of Appeals is therefore affirmed.
 

 Judgment affirmed.
 

 Marshall, C. J., Jones, Matthias, Day, Allen, Kinkade and Robinson, JJ., concur.