# Wytheville

## WILLIAM G. MAUPIN v. E. G. MAUPIN AND OTHERS.

### June 16, 1932.

Present, Campbell, C. J., and Epes, Gregory, Browning and Chinn, JJ.

The opinion states the case.

*James Elliott Heath*, for the plaintiff in error.

*James G. Martin* and *Harry Cuthriell*, for the defendants in error.

CAMPBELL, C. J., delivered the opinion of the court.

This action was brought by William G. Maupin, an attorney at law, to recover the sum of $2,115.94, alleged compensation for legal services rendered the defendants. There was a verdict in favor of the plaintiff in the sum of $1,303.34. The motion of the plaintiff to set aside the verdict and enter judgment for the full amount claimed in the notice of motion, or, in the alternative, to set aside the verdict and grant plaintiff a new trial, was overruled and judgment was entered in accordance with the verdict.

The action of the court in overruling the motion to set aside the verdict on the ground that it was contrary to the law and the evidence, in giving and refusing instructions

and in refusing to permit plaintiff to introduce certain evidence as to the value of the services rendered is assigned as error.

Plaintiff and defendants were the owners of various pieces of real estate which plaintiff was desirous of having partitioned. For a period of two months, and prior to the alleged contract of employment, plaintiff expended his time and energy in gathering from the clerk's office the necessary data relating to the property and essential to a proper partition thereof. Arbitrators were agreed upon, pursuant to the written agreement of the parties, and in due time presented their report of partition.

On April 25, 1930, plaintiff wrote his uncle, George W. Maupin, a letter in part as follows:

"DEAR GEORGE:

"I am informed that the partitioners have completed the division of the Maupin real estate between me on the one hand and the remaining parties in interest on the other in accordance with the agreement signed by all parties in interest under date of April 17, 1930, and that a formal report of their proceedings and decision will be made immediately.

"The necessary deeds should be drawn at once. Kindly let me know if you wish me to prepare these deeds. I have already collected the data necessary for that preparation, and if the data is to be collected by any one else it will require a period of a number of weeks before the data can be prepared."

On April 29, 1930, George W. Maupin replied by letter reading in part:

"DEAR WILLIAM:

"I have yours of the 25th—I am today in receipt of the signed report of the partitioners of the real estate, of the several estates.

"I hereby authorize you to prepare the deeds, conveying our interests in the real estate assigned to you. I think the conveyance should be dated May 1, 1930."

Thereupon, plaintiff prepared and delivered the deeds and mailed to defendants a statement of recording fees and cost of survey, together with his bill for services rendered as follows:

"To fee for examination of the records, collection and preparation of data and drawing of deeds putting into effect said partition," and allowed a credit of 18.74 per cent, $487.97, for plaintiff's part interest in the property, claiming a balance due from defendants of $2,115.94."

Defendants declined to pay the bill and this litigation resulted.

As to plaintiff's standing as a citizen and a lawyer there is no controversy. Five eminent members of the bar testified: "There is no man, either in the profession of law or in any other calling that stands higher."

Plaintiff, testifying as a witness in his own behalf, went fully into the character of the work performed and the time consumed in its performance. The same five attorneys who testified as to plaintiff's character also testified as expert witnesses in his behalf and all gave as their opinion that the fee charged was a reasonable one, and some of the witnesses placed the value of plaintiff's services at a higher figure. No one testified for the defendants in opposition to the expert witnesses for the plaintiff.

At the conslusion of the evidence, the court, on motion of the defendants and over the objection of the plaintiff, gave this instruction:

"The court instructs the jury that in determining the value of the plaintiff's services, the jury is not bound by the testimony of the expert witnesses, but it is the duty of the jury to exercise its own judgment, knowledge and ideas

under all the facts and circumstances of the case in fixing the fair value of such services."

The action of the court in overruling the motion to set aside the verdict for the reason that it was contrary to the evidence, and in giving the instruction complained of, in effect, raises but one question, viz: Was the jury bound by the opinions of the expert witnesses as to the value of the professional services rendered by the plaintiff?

The question is one of first impression in this State, although we find it has been considered by both the State and Federal courts. The decisions on the weight to be given expert testimony, as well as the views expressed by the text-writers, are in conflict.

The leading case on the subject is *Head* v. *Hargrave*, 105 U. S. 45, 46, 26 L. Ed. 1028. The opinion was delivered by Mr. Justice Field, concurred in by the other members of the court, and the case involved, not a similar, but the identical question herein involved. In that case it appears that plaintiff brought an action to recover the sum of $2,000.00 alleged to be owing by the defendants to the plaintiffs for professional services rendered as attorneys. On the trial, one of the defendants testified as to the rendition of the services, the services performed, and their value. Five attorneys also testified to the value of the services, three testifying for the plaintiffs and two for the defendants. There was a difference of opinion as to the value of the services rendered. However, in the opinion, the question of conflict of evidence is not even remotely discussed. The decision is squarely based on the single question involving the refusal of the trial court to give these instructions:

"In determining the value of the plaintiffs' services the jury are not bound by the testimony of expert witnesses; that testimony may be considered by the jury; but if, in their judgment, the value fixed by those witnesses is not reasonable, they may disregard it, and find the amount which, in their judgment, would be reasonable.

"In determining the value of the plaintiffs' services the jury are not bound by the opinions of the witnesses, unless the jury shall find from all the evidence taken together, including the nature of the services, the time occupied in the performance of them, and the result of them, and the benefit derived by the defendants from the rendition of said services, that said opinions are correct."

As the opinion is short, we feel warranted in quoting it:

"The only question presented for our consideration is whether the opinions of the attorneys, as to the value of the professional services rendered, were to control the judgment of the jury so as to preclude them from exercising their 'own knowledge or ideas' upon the value of such services. That the court intended to instruct the jury to that effect is, we think, clear. After informing them that, in determining the value of the services, they might consider their nature, the time they occupied, and the benefit derived from them; also, that the plaintiffs were entitled to reasonable compensation for the services, and that the reasonableness of the compensation was a fact to be determined from the evidence—it proceeded to call special attention to the testimony of the attorneys, and told the jury that if they accredited *these* witnesses with truthfulness their testimony should have weight, and the fact as to what is reasonable compensation should be 'determined from the evidence offered,' and not from their own knowledge or ideas of the value of that class of services, and emphasized the instruction by repetition, as follows: 'You must determine the value of the services rendered from the evidence that has been offered before you and not from your own knowledge or idea as to the value of such services.' This language qualifies the meaning of the previous part of the instruction. It is apparent from the context that by the words 'evidence offered' and 'evidence that has been offered before you' reference was made to the expert testimony, and to that alone. Taken together, the charge amounts to this: That

while the jury might consider the nature of the services and the time expended in their performance, their value—that is, what was reasonable compensation for them—was to be determined exclusively from the testimony of the professional witnesses. They were to be at liberty to compare and balance the conflicting estimates of the attorneys on that point, but not to exercise any judgment thereon by application of their own knowledge and experience to the proof made as to the character and extent of the services; that the opinions of the attorneys as to what was reasonable compensation was alone to be considered. That the defendants so understood the charge is evident from the qualifications of it which they desired to obtain; and the jury may, in like manner, have so understood it. And as we construe it, we think the court erred, and that it should have been qualified by the instructions requested.  *  *  *

"It was the province of the jury to weigh the testimony of the attorneys as to the value of the services, by reference to their nature, the time occupied in their performance, and other attending circumstances, and by applying to it their own experience and knowledge of the character of such services. To direct them to find the value of the services from the testimony of the experts alone, was to say to them that the issue should be determined by the opinions of the attorneys, and not by the exercise of their own judgment of the facts on which those opinions were given. The evidence of experts as to the value of professional services does not differ, in principle, from such evidence as to the value of labor in other departments of business, or as to the value of property. So far from laying aside their own general knowledge and ideas, the jury should have applied that knowledge and those ideas to the matters of fact in evidence in determining the weight to be given to the opinions expressed; and it was only in that way that they could arrive at a just conclusion.

While they cannot act in any case upon particular facts material to its disposition resting in their private knowledge, but should be governed by the evidence adduced, they may, and to act intelligently they must, judge of the weight and force of that evidence by their own general knowledge of the subject of inquiry. If, for example, the question were as to the damages sustained by a plaintiff from a fracture of his leg by the carelessness of a defendant, the jury would ill perform their duty and probably come to a wrong conclusion, if, controlled by the testimony of the surgeons, not merely as to the injury inflicted, but as to the damages sustained, they should ignore their own knowledge and experience of the value of a sound limb. Other persons besides professional men have knowledge of the value of professional services; and, while great weight should always be given to the opinions of those familiar with the subject, they are not to be blindly received, but are to be intelligently examined by the jury in the light of their own general knowledge; they should control only as they are found to be reasonable.

"As justly remarked by counsel, the present case is an excellent illustration of the error of confining the jury to a consideration merely of the opinions of the experts. Of the five attorneys who were witnesses, no two agreed; and their estimates varied between the extremes of $1,000.00 and $5,440.00. Directing the jurors to determine the value of the professional services solely upon these varying opinions was to place them in a state of perplexing uncertainty. They should not have been instructed to accept the conclusions of the professional witnesses, in place of their own, however much that testimony may have been entitled to consideration. The judgment of witnesses, as a matter of law, is in no case to be substituted for that of the jurors. The instructions tended to mislead as to the weight to be given to the opinions of the attorneys, especially after

qualifications of them designed to correct any misconception on this head were refused. * * *

"In like manner, in this case, the jurors might have taken the facts testified to by the attorneys as to the character, extent, and value of the professional services rendered, and then come to a different conclusion. The instructions given, whilst stating that the nature of the services rendered, the time occupied in their performance, and the benefit derived from them might be considered by the jury, directed them that they should be governed by the opinions of the experts as to the value of the services, and, in effect, forbade them to exercise their own knowledge and ideas on that kind of services. This error would have been avoided if the instructions requested by the defendants had been given.

"Judgment reversed and a new trial ordered."

The doctrine of the *Head Case* was later approved in *Forsyth* v. *Doolittle*, 120 U. S. 73, 7 S. Ct. 408, 410, 30 L. Ed. 586, where, dealing with the testimony of expert witnesses, the following instruction was held to correctly state the law:

"You are not bound by the estimate which these witnesses have put upon these services. They are proper to be considered by you, as part of the proof bearing upon the question of value, as the testimony of men experienced in such matters, and whose judgment may aid yours. But it is your duty, after all, to settle and determine this question of value from all the testimony in the case, and to award to the plaintiffs such amount, by your verdict, as the proof satisfies you is a reasonable compensation for the services which, from the proof, you find plaintiff rendered, after deducting the amount the plaintiffs have already received for such services."

In *The Conqueror*, 166 U. S. 110, 17 S. Ct. 510, 518, 41 L. Ed. 937, Mr. Justice Brown again deals with the question of the binding effect of expert testimony and approves the

doctrine laid down in *Head* v. *Hargrave* and *Forsyth* v. *Doolittle*. With particular reference to the *Head-Hargrave Case*, he uses this language:

"The proper rule upon the subject is nowhere better stated than by Mr. Justice Field in delivering the opinion of the court in *Head* v. *Hargrave*, 105 U. S. 45 [26 L. Ed. 1028], which was also an action for professional services as attorneys."

Again in the opinion we read:

"While there are doubtless authorities holding that a jury (and in this class of cases the court acts as a jury) has no right arbitrarily to ignore or discredit the testimony of unimpeached witnesses so far as they testity to facts, and that a wilful disregard of such testimony will be ground for a new trial, no such obligation attaches to witnesses who testify merely to their opinion; and the jury may deal with it as they please, giving it credence or not as their own experience or general knowledge of the subject may dictate. Indeed, the courts of New Hampshire at one time, and until the rule was changed by the legislature, went so far as to exclude the opinions of witnesses upon questions of value altogether, and irrespective of any question as to their qualifications. * * * * * *

"The better opinion, however, is that testimony as to value may be properly received from the mouths of witnesses who are duly qualified to testify in relation to the subject of inquiry, although the jury, even if such testimony be uncontradicted, may exercise their independent judgment."

In that most excellent work, Ruling Case Law, we find the rule thus stated in volume 2, page 1061:

"While the finding of the referee and court as to what would be reasonable compensation for services rendered by an attorney, will not be disturbed when founded on the decided weight of expert testimony, yet it is usually held that the opinion evidence of expert witnesses, as to the

value of attorney's services, is not conclusive; nor is it binding either on the court or on the jury. Such evidence is to be taken into consideration, with all the other evidence in the case, in arriving at a conclusion as to the just value of the services performed. It is the province of the jury to weigh the testimony of attorneys as to the value of the services, by reference to their nature, the time occupied in their performance, and other attending circumstances, and by applying to it their own experience and knowledge of the character of such services."

The action of the court in refusing to set aside the verdict on the ground relied on, and in giving the instruction complained of is without error.

■ The contention of the plaintiff in error, that the court erred in refusing to permit the introduction as witnesses of nine additional legal experts to testify in regard to the value of the services rendered by the plaintiff, is untenable. In the very nature of things there can be no limitation placed on the number of witnesses who are called upon to testify as to facts, but there is a wide discretion vested in the trial court as to the number of opinion witnesses it will hear on a given subject. The court accorded the plaintiff the right to introduce five expert witnesses, and in our opinion the field in the instant case was fully covered.

The remaining assignment of error relates to the action of the trial court in amending an instruction requested by the plaintiff. This assignment of error is well founded. The requested instruction follows:

■ "The court instructs the jury that, in a case of this kind, where no definite amount was agreed upon in advance between the attorney and his clients the measure of compensation which the plaintiff is entitled to recover for his services is the reasonable value of the services rendered; and that, in arriving at this value, the circumstances to be considered are—the amount and character of the services

rendered; the responsibility imposed; the labor, time and trouble involved; the character and importance of the matter in which the services are rendered; the amount of the money or the value of the property to be affected; the professional skill and experience called for; the character and standing in their profession of the attorneys; and whether or not the fee is absolute or contingent."

The pertinent part of the instruction, as amended, reads thus:

"The court instructs the jury that, in a case of this kind, where no definite amount was agreed upon in advance between the attorney and his clients, the measure of compensation which the plaintiff is entitled to recover for his services is the reasonable value of *all the necessary* services rendered; * * *." (Italics added.) The vice in the instruction is that it carries the plain intimation that all the services rendered by the plaintiff were not essential. This intimation is not borne out by the evidence.

For this error the judgment of the trial court will be reversed and the case remanded for a new trial.

*Reversed and remanded.*