**Rafael ABURTO, Petitioner—Appellant,**

v.

**Rosanne CAMPBELL, Respondent—Appellee.**

No. 08–16433.

United States Court of Appeals, Ninth Circuit.

Submitted July 13, 2009.*

Filed July 15, 2009.

Charles Marchand Bonneau, II, Esquire, Sacramento, CA, for Petitioner–Appellant.

Laura Wetzel Simpton, Deputy Attorney General, Peter William Thompson, Attorney General, AGCA–Office of the California Attorney General, Sacramento, CA, for Respondent–Appellee.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

R.App. P. 34(a)(2).

Before: HALL, W. FLETCHER and PAEZ, Circuit Judges.

## MEMORANDUM [**]

Rafael Aburto appeals the district court's denial of his petition for a writ of habeas corpus made pursuant to 28 U.S.C. § 2254. Because the parties are familiar with the facts, we only repeat them as necessary to understand our disposition. We have jurisdiction pursuant to 28 U.S.C. § 2253. We affirm.

Aburto's habeas petition raises three claims: (1) juror misconduct, (2) ineffective assistance of counsel, and (3) denial of a right to a jury trial. Aburto must show the trial court's

> adjudication of the claim—(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court ...; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented. . . .

28 U.S.C. § 2254(d). He is unable to make such a showing.

■ As to Aburto's first claim, Supreme Court precedent holds that members of a jury may evaluate "the weight and force" of evidence already adduced based on "their own general knowledge of the subject." *Head v. Hargrave*, 105 U.S. 45, 49, 26 L.Ed. 1028 (1881). Here, where a juror voiced her experience with molestation in a crowded house as a part of the jury's discussion about the plausibility of the victim's molestation allegation, the state court's finding that there was no juror misconduct was not contrary to clearly established federal law.

■ Aburto's second claim is similarly unpersuasive. Aburto failed to show that the state court violated clearly established federal law in finding that he was not prejudiced by his counsel's failure to object to the evidence. *See Strickland v. Washington*, 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). His due process rights were not violated by the admission of probative evidence. *See Estelle v. McGuire*, 502 U.S. 62, 70, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991); Fed.R.Evid. 401. Furthermore, the jury already knew of Aburto's use of physical force from permitted testimony and was issued extensive limiting instructions, which this court must presume were followed. *See Romano v. Oklahoma*, 512 U.S. 1, 13, 114 S.Ct. 2004, 129 L.Ed.2d 1 (1994).

■ Finally, Aburto's third claim fails. It does not violate the Sixth Amendment for judges—rather than juries—to find facts necessary to determine whether multiple sentences should be imposed consecutively. *See generally Oregon v. Ice*, —— U.S. ——, 129 S.Ct. 711, 172 L.Ed.2d 517 (2009).

AFFIRMED.

---

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.