UNITED STATES of America,
Plaintiff–Appellee,

v.

Peter ACUNA, Defendant–Appellant.

United States of America,
Plaintiff–Appellee,

v.

Juan Diego Angulo–Mendoza,
Defendant–Appellant.

Nos. 08–10369, 08–10438.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 13, 2009.

Filed July 24, 2009.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Jerry Robert Albert, Bruce M. Ferg, USTU—Office of the U.S. Attorney, Tucson, AZ, for Plaintiff–Appellee.

Stephanie Kathryn Bond, Esquire, Law Offices of Stephanie K. Bond, PC, Tucson, AZ, for Peter Acuna.

Raymond V. Panzarella, Law Offices of Raymond V. Panzarella, Tucson, AZ, for Juan Diego Angulo–Mendoza.

Before: SILVERMAN, CLIFTON and M. SMITH, Circuit Judges.

## MEMORANDUM *

Peter Acuna and Juan Angulo–Mendoza appeal their jury convictions for conspiracy to possess with intent to distribute marijuana and possession with intent to distribute marijuana. Acuna also appeals his sentence of 75 months in prison. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). We affirm.

The Defendants first argue that the district court erred in denying their motion to suppress on the basis that they did not have a reasonable expectation of privacy in the vehicle. As a preliminary matter, the Defendants are not estopped from challenging the seizure of their vehicle, as judicial estoppel does not apply to their claim. *See Johnson v. Oregon,* 141 F.3d 1361, 1369 (9th Cir.1998) (explaining that judicial estoppel should be applied only when the inconsistent position is " 'tantamount to a knowing misrepresentation to

or even fraud on the court' " (quoting *Ryan Operations G.P. v. Santiam–Midwest Lumber Co.,* 81 F.3d 355, 362–63 (3d Cir.1996))).

As for the merits of their claim, however, the Defendants abandoned the vehicle, so they do not have standing to challenge its search and seizure. *See United States v. Nordling,* 804 F.2d 1466, 1469 (9th Cir.1986). By physically relinquishing and denying ownership of the vehicle, the Defendants relinquished any reasonable expectation of privacy in it. *Id.* The district court did not err by denying their motion to suppress.

The Defendants object to several comments the prosecutor made during his opening and closing arguments. None of these arguments have merit. First, the prosecutor did not impermissibly refer to facts not supported by the evidence. There was evidence presented in trial that supported the prosecutor's reference to drug trafficking in Sells. Furthermore, the list of reasons why drug smugglers generally do not involve outside individuals in drug trafficking operations permissibly appealed to the jurors' common sense. *See Head v. Hargrave,* 105 U.S. 45, 49, 26 L.Ed. 1028 (1881); *United States v. Gray,* 876 F.2d 1411, 1417 (9th Cir.1989). Second, the prosecutor did not vouch for the law enforcement officers by remarking about their bravery. *See United States v. Hermanek,* 289 F.3d 1076, 1098 (9th Cir. 2002). Third, the prosecutor did not mislead the jury by offering an informal definition of "reasonable doubt," as his definition was not inconsistent with the court's jury instruction. *See Ramirez v. Hatcher,* 136 F.3d 1209, 1211 (9th Cir.1998). Fourth, the prosecutor did not shift the burden of proof to the Defendants either

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

by pointing to the Defendants' failure to present exculpatory evidence or by countering the defense's claim that there was a power disparity between the government and the Defendants. *United States v. Vaandering*, 50 F.3d 696, 701–02 (9th Cir. 1995); *United States v. Mares*, 940 F.2d 455, 461 (9th Cir.1991). Fifth, the prosecutor did not malign the defense counsel, as nothing he said could reasonably be construed as suggesting that the defense counsel hid evidence or otherwise acted unethically. *See Bruno v. Rushen*, 721 F.2d 1193, 1195 (9th Cir.1983).

Acuna contends that the prosecutor improperly referred to his post-arrest silence. The prosecutor's statement on that subject did not refer to Acuna in particular, however. The reference was part of a legitimate argument that Acuna's alternative explanation, that he was an innocent bystander given a ride by a drug smuggler, should not be believed because drug smugglers would not pick up uninvolved bystanders. *See United States v. Robinson*, 485 U.S. 25, 33, 108 S.Ct. 864, 99 L.Ed.2d 23 (1988) ("[P]rosecutorial comment[s] must be examined in context...."); *Donnelly v. DeChristoforo*, 416 U.S. 637, 647, 94 S.Ct. 1868, 40 L.Ed.2d 431 (1974) ("[A] court should not lightly infer that a prosecutor intends an ambiguous remark to have its most damaging meaning or that a jury, sitting through lengthy exhortation, will draw that meaning from the plethora of less damaging interpretations."). To the extent that part of the prosecutor's comment, notably the reference to "these good samaritan types that are supposedly involved in this case," may have crossed the line, any error was harmless beyond a reasonable doubt. There was extensive evidence supporting Acuna's guilt. *See United States v. Baker*, 999 F.2d 412, 416 (9th Cir.1993).

The district court made sufficient findings to support its determination that Acuna obstructed justice with his trial testimony. First, the district court did not err by not specifying which portion of Acuna's testimony it found to be false. *United States v. Acuna*, 9 F.3d 1442, 1445 (9th Cir.1993) ("[A] district court is not required to enumerate specifically which portions of a defendant's testimony are false to justify an enhancement for obstruction of justice."). Furthermore, the district court correctly based its determination that Acuna's testimony was false on its own evaluation of the evidence. *See United States v. Dunnigan*, 507 U.S. 87, 95, 113 S.Ct. 1111, 122 L.Ed.2d 445 (1993). Acuna's testimony was simply not believed by the district judge, as it had not been believed by the jury. His testimony that he was an innocent bystander given transport by a drug smuggler merited such disbelief.

**AFFIRMED.**