## YOUNG v. WESTPHALEN & CO.

[72 South. 193.]

EVIDENCE. *Presumptions. Mailing letter.* .

> While a presumption that a letter, properly addressed, stamped and mailed, reached the addressee is not conclusive, but may be rebutted by evidence showing that the letter in fact was not received; whether the rebutting evidence is sufficient to overcome the presumption is a question for the jury.

APPEAL from the circuit court of Holmes county.

HON. MONROE McCLURG, Judge.

Suit by Westphalen & Co.; J. K. Young, administrator of W. L. Young and others. From a peremptory instruction for plaintiff directing a verdict, defendant J. K. Young appeals.

Appellees were plaintiffs in the court below and appellant was defendant. Appellees, cotton brokers of Havre, France, filed suit in the circuit court against J. P. Leake, W. L. Young, and J. K. Young, alleging the existence of a partnership among the defendants, and claiming damages for breach of a contract made between plaintiffs and J. P. Leake & Co., composed, as alleged, of the said defendants, whereby said defendants undertook to deliver to plaintiffs eight hundred bales of cotton at a stipulated price; and, having failed to comply with said contract, plaintiffs were damaged to an amount equal to the difference in the contract price and the price at the time delivery was to be made. No service was had upon J. P. Leake, and suit as to him was dismissed, and, the proof showing that J. K. Young was never a member of the firm, judgment was directed in his favor. W. L. Young having died, suit proceeded against J. K. Young, administrator of his estate, as defendant.

On the trial, J. P. Leake testified that W. L. Young had been a member of the firm of J. P. Leake & Co. from June. 1908 to May, 1909, and that in July, 1909, he (Leake)

wrote to all of the correspondents of the firm, including plaintiffs advising them of Young's withdrawal from the firm, and that the writer would continue in business alone, and that he posted said letter in the United States mail. Plaintiffs denied receiving this letter. At the close of the evidence, the court directed a verdict for plaintiffs against the appellant, and this appeal is prosecuted.

*E. F. Noel* and *Elmore & Ruff,* for appellant.

*Gardner, McBee & Gardner* and *Julian C. Wilson,* for appellee.

SMITH, C. J., delivered the opinion of the court.

While a presumption that a letter, properly addressed, stamped, and mailed, reached the addressee is not conclusive, but may be rebutted by evidence showing that the letter in fact was not received, whether the rebutting evidence is sufficient to overcome the presumption is a question for the jury. See cases cited in notes to *Feder Silberberg Co.* v. *McNeil,* 49 L. R. A. (N. S.) 468, and *Merchants' Exchange Company* v. *Sanders,* 4 Ann. Cas. 955. It follows, therefore, that in the case at bar it was for the jury to say whether a letter addressed to appellees, notifying them of the dissolution of the partnership of J. P. Leake & Co., was mailed, and, if mailed, whether it was received.

*Reversed and remanded.*