CAPITAL LOAN & INVESTMENT CO. *v.* BENSON.*

(Division A.    March 7, 1927.)

[111 So. 575.    No. 26251.]

1. EVIDENCE.  *Admission of ownership by original payee, to whom note was forwarded for collection, held inadmissible against holder in due course.*

Where note was forwarded by holder in due course to original payee for collection, evidence of such payee's admissions that he

had not sold note and was the owner thereof *held* inadmissible, and proved nothing against holder in due course, since he was only special agent, authorized only to collect note, with no authority to make admissions with reference to ownership thereof.

2. EVIDENCE. *Agent's admissions are admissible against principal only when within real or apparent scope of agency.*
Admissions of an agent are admissible against his principal only when within real or apparent scope of his agency.

3. BILLS AND NOTES. *Holder in due course held entitled, under evidence, to directed verdict for note, interest, and attorney's fees.*
Holder in due course *held* entitled, under evidence, to a directed verdict for amount of note and interest, and also such attorney's fees as jury determined he was entitled to.

4. BILLS AND NOTES. *Attorney's fees, under note requiring reasonable fees for collection, must be determined by jury.*
Amount of attorney's fees, under note providing for payment of reasonable fees for its collection, must be determined by the jury.

*Corpus Juris-Cyc. References: Agency, 2CJ, p. 627, n. 11; Bills and Notes, 8CJ, p. 1060, n. 38; p. 1061, n. 57; Evidence, 22CJ, p. 373, n. 3; p. 382, n. 62.

APPEAL from circuit court of Lawrence county.
HON. J. Q. LANGSTON, Judge.
Action by the Capital Loan & Investment Company against W. P. Benson, Jr. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

*Charles E. Gibson,* for appellant.

Appellant purchased the note in question from B. F. Russell for value and in good faith. At the time he purchased this note he did not know of any defense Mr. Benson claimed to have. The appellee himself stated that he did not know what the appellant knew with reference to this transaction; and on the testimony of the appellee alone, the appellant was, in our opinion, entitled to a peremptory instruction.

Admission of a prior holder of a negotiable instrument is not admissible against an assignee for value, who re-

ceives it before maturity without notice of defects in title. A. & E. Enc., pp. 685, 686, note; Elliott, section 265; Greenleaf on Evidence, sections 171, 190; Wigmore on Evidence, section 1084. In *Union Station Trust Co.* v. *Bostick,* 98 So. 105, a much stronger defence was made to a note than the case at bar. Yet the court, speaking through Judge ANDERSON, said that this evidence introduced in behalf of appellee was no defense to the case made by appellant. The appellant in that case simply introduced the note showing the endorsement of the payees therein, without date, on its back and rested.

In the case at bar appellee in an effort to show that the note sued on was not sold to appellant before maturity, undertook to show that Russell, the original payee, had the note after maturity. See section 45, chapter 244, Laws of 1916 (section 2623, Hemingway's Code).

The burden was on the appellee to show the endorsement of the note sued on was made after maturity. *Union Station Trust Co.* v. *Bostick,* 98 So. 105. Section 52, chapter 244, Laws of 1916 (section 2630, Hemingway's Code) defines a holder in due course. See, also, 95 So. 785, 132 Miss. 63; *Federal Discount Corp.* v. *Alexander Hdw. Co.,* 97 So. 579, 133 Miss. 260; *Despres, Bridge & Nole* v. *Hough Drug Co.,* 86 So. 359, 99 So. 901, 134 Miss. 663; *Phenix Nat'l Bank* v. *Saucier,* 59 So. 91; *Huddleston* v. *McMillian Bros. et al.,* 72 So. 892, 112 Miss. 168; *Houston* v. *Keith,* 56 So. 336; *Smith* v. *Ellis,* 107 So. 669.

Appellee contends that Russell, the original payee, told him he had the note and for this reason the judge evidently figured that this was the evidence tending to show that the appellant had not purchased the note before maturity and was, therefore, not a holder for value in due course. This position will not stand under the case of *Union Station Trust Co.* v. *Bostick, supra,* for in that case the original payee, Howell & Company, not only claimed to be the holder of the note, but collected the entire amount of the note.

The trial judge should have given the peremptory instructions requested by the appellant.

*G. Wood Magee,* for appellee.

This is a plain case on the law, since possession of a note, a negotiable instrument, is *prima-facie* evidence of ownership. *Wright* v. *Solomon,* 79 Am. Dec. 196 and note; *Spraights* v. *Hawley,* 100 Am. Dec. 452; *McMahon* v. *Sloan,* 51 Am. Dec. 601; Annotations in 30 A. L. R. page 329; *Hughes* v. *Black* (Ala.), 39 So. 984.

The record also shows that this *prima-facie* case is supported by the statements of Russell, the agent of appellant, that he and not the appellant was the owner of the note. So we say that the case was properly submitted to the jury upon the question of ownership of the note and the verdict of the jury was right under the law.

*Charles E. Gibson* and *E. O. Sykes,* in reply, for appellant.

We realize that in certain particular instances the declarations of an agent within the scope of his employment and during the transaction of his master's business, or in short, when a part of the *res gestae,* are admissible in testimony. This rule is very well stated in Jones on Evidence, pocket edition, sections 255-56.

The alleged declarations upon which counsel for appellee relies in this case do not come within the above rules. They were not within the scope of the employment of Russell; they were not made about the master's business; and were not a part of the *res gestae.*

On the other hand, these statements are a denial of the agency. It, therefore, resolves itself into the question as to whether or not statements of a payee in a note are admissible in evidence against the owner or holder of a note is a suit on the note.

Under all the authorities relating to negotiable instruments there is no privity between these people which make these statements admissible. Neither is the payee a party to this suit. *Union Station Trust Co.* v. *Bostick,* 98 So. 105; *Smith* v. *Ellis,* 107 So. 669. See, also, 1 Greenleaf on Evidence (Lewis' Edition), section 190; 2 Wigmore on Evidence, section 1084; Notes to Phillips on Evidence, no. 481, page 668.

The peremptory instruction requested by the appellant should have been given.

Smith, C. J., delivered the opinion of the court.

This is an appeal from a judgment denying the appellant a recovery on a promissory note executed by the appellee to B. F. Russell, or order, which the appellant purchased in good faith for value before maturity. The ground of the appellee's defense to the note is the breach by Russell of a collateral agreement relative to the consideration for the note, made at the time of its execution.

The appellee challenged the appellant's ownership of the note, and in support thereof introduced in evidence, over the appellant's objection, a statement of Russell, made after the maturity of the note, that he had not sold it and was the owner thereof. This statement by Russell was made under the following circumstances: The note was presented by the appellant, through the bank to which it had been forwarded for collection, to the appellee, who declined to pay it. Thereafter the appellant requested Russell to collect the note, and he agreed to do so. The note was delivered to Russell, who called on the appellee, exhibited the note to him, and requested him to pay it. The appellee, according to his evidence, then asked Russell if he still owned the note, and he replied that he did. On this evidence, the court submitted to the jury the ownership of the note.

This evidence should not have been admitted, and, when admitted, proved nothing as against the appellant. Russell was a special agent authorized only to collect the note, with no authority, real or apparent, to make any admissions with reference to the ownership thereof, and the admissions of an agent are admissible against his principal only when within the real or apparent scope of his agency. We are not here confronted with any question of estoppel arising out of admissions with reference to a promissory note made by a person in possession, and apparently the owner of the note, on the faith of which a person entitled so to do has acted to his injury.

The note provides for the payment of a reasonable attorney's fee for its collection, and an attorney at law from a county other than that in which the case was tried was introduced by the appellee, and stated that a reasonable attorney's fee, based on the custom of the bar in his county, for the collection of such a note by suit, would be one hundred twenty-five dollars, but that he did not know what the customary fee therefor was among the members of the bar of the county in which the suit was brought.

The court below refused an instruction for the appellant, charging the jury to find for the appellant for the amount of the note and interest, ''and also attorney's fee at such sum as you think, from the evidence, the plaintiff is entitled.'' This instruction should have been granted.

The appellee requests a judgment final here for the amount of the note and interest, together with one hundred twenty-five dollars attorney's fee. We cannot render such a judgment, for the reason that the amount of the attorney's fee must be determined by a jury; the opinion of the attorney who testified thereto not being binding on the jury, but being only one of the things it should take into consideration in determining the amount of the fee. *Humphreys County* v. *Cashin,* 128 Miss. 226, 90 So. 888.

*Reversed and remanded.*