McCreary *et al. v.* Stevens.

(Division B.   Feb. 3, 1930.   Suggestion of Error Overruled, Mar. 3, 1930.)

[126 So. 4.   No. 28395.]

Geo. **T**. **Mitchell**, of Tupelo, and **Z**. **A**. **Brantley**, of Louisville, for appellants.

R. W. Boydstun, of Louisville, for appellee.

Ethridge, P. J., delivered the opinion of the court.

F. L. Stevens was plaintiff in the court below and brought this suit against the appellants. T. A. McCreary and R. L. Metts, a partnership doing business under the name of the Winston Motor Company, upon three notes for eighty-five dollars each, payable to the Brenard Manufacturing Company, which notes, it was alleged, were transferred to F. L. Stevens for valuable consideration, before maturity, without notice of defenses, etc. The notes were dated January 10, 1927, and were payable two, three, and four months after date, and provided that, in

case of default, "1 agree to pay payee's reasonable attorney fees." On the back of each note was indorsed: "Pay F. L. Stevens or order. Brenard Manufacturing Co. by J. L. Records," with the number of each note. The notes were not paid at maturity, and suit was brought thereon during the year 1927.

There was a plea of general issue filed, and the deposition of plaintiff was taken at the instance of the defendants. The plea of general issue was filed on July 9, 1927, and the deposition was taken on the 25th day of June, 1928. The matter seems to have stood in this situation until the second day of July, 1929, when notice, under the general issue, was filed, giving notice that, on the trial, it would be offered and proved that the defendants were induced to sign said notes upon the fraudulent representations of the Brenard Manufacturing Company that said plaintiff, or its agent, would come to Louisville, Mississippi, and handle the radios themselves, and all the defendants would be required to do would be to furnish a list of names of persons as prospects, and mail said list to plaintiff, so that plaintiff could circularize the prospects, and that said agent would come to Louisville, Mississippi, on or before the time the radios reached the defendants, and would call upon the prospects, and would handle all sales, and that defendants would not have any further connection with the radios except to furnish a place in which they could be stored, and that, for said service, the defendants would receive a certain commission on each sale; and that the plaintiff (F. L. Stevens), before purchasing the notes in question, was so advised of said agreement on the part of the Brenard Mfg. Company, and that the defendants (T. A. McCreary et al.) had no time to devote to the handling and selling of the radios, and that the plaintiffs knew the representations to be false and fraudulent at the time said agreement was made.

In the deposition of F. L. Stevens, he was asked no question as to any correspondence between himself and

the defendants. When evidence was offered as to the notice under the plea of general issue, it was objected to by the plaintiff on the ground that such notice was too recently filed for plaintiff to prepare to meet it. The court, thereupon, offered the plaintiff a continuance if he so desired, which the plaintiff declined, and elected to proceed with the suit. The defendants testified, in sub-stance, that some time between the 10th day of January, 1927, and the 1st day of July, they received a letter from F. L. Stevens stating that he was contemplating purchas-ing the notes, and the name of the firm was correct, etc.; that they answered this letter by mail, stating that Brenard Manufacturing Company had not complied with its agreement, and that the defendants would not pay the notes, but that, if the Brenard Manufacturing Company carried out its agreement, they were willing to carry out their part of it.

F. L. Stevens, in his deposition, testified that he had no knowledge of any agreement between the Brenard Mfg. Company and the defendants (T. A. McCreary et al.); that he was in no manner connected with the Bren-ard Manufacturing Company, but that he bought nego-tiable notes from them in certain amounts each month, having no notice of any defense, or what said notes were given for. He said he knew the Brenard Manufacturing Company was selling radios in various parts of the country, and that he purchased notes from them.

The circuit court, at the conclusion of the defendant's evidence, held that such evidence was insufficient to over-come the proof of plaintiff (F. L. Stevens), that he was a bona-fide holder, by purchase, without notice, etc., of said notes, and gave said F. L. Stevens a peremptory in-struction for the jury to find for him in the sum of two hundred forty dollars, with interest, and reasonable at-torney's fees in the sum of sixty dollars.

The only evidence introduced as to what was a rea-sonable attorney's fee was one attorney who testified that fifteen per cent was reasonable for collection, and, when

suit was brought, that seven dollars and fifty cents should be added for each note upon which suit was brought, and, taking the notes upon this basis, a reasonable fee would be sixty-one dollars and five cents.

We think it was reversible error for the court to exclude the evidence of the defendants (McCreary and Metts). It will be noted that the defendants testified that they received a letter from F. L. Stevens, mailed from Iowa City, stating that he was contemplating buying the notes in question, and that, in answer thereto, they mailed to him, at Iowa City, a letter stating that Brenard Mfg. Company had not carried out their agreement, and that the notes would not be paid. We think, this evidence, under the case of Young v. Westphalen & Co., 111 Miss. 765, 72 So. 193, 194, was sufficient to make a case for the jury's determination, as to whether Stevens received the letter or not. In that case, the court said: "While a presumption that a letter, properly addressed, stamped, and mailed, reached the addressee is not conclusive, but may be rebutted by evidence showing that the letter in fact was not received, whether the rebutting evidence is sufficient to overcome the presumption is a question for the jury. See cases cited in notes to Feder .Silberberg Co. v. McNeil, 49 L. R. A. (N. S.) 468, and Merchants' Exchange Company v. Sanders, 4 Ann. Cas. 955. It follows, therefore, that in the case at bar it was for the jury to say whether a letter addressed to appellees, notifying them of the dissolution of the partnership of J. P. Leake & Co., was mailed, and, if mailed, whether it was received."

In the case before us, the contract between Brenard Manufacturing Company and McCreary et al. was not introduced in evidence, although the record shows it was exhibited to the defendant. In other cases heretofore decided, the contract between the Brenard Manufacturing Company and the defendant has usually been in the record, and the terms of this contract, and the recitals and stipulations contained therein, have, in several of

the cases, been an important issue in the decision of this court.

On the facts contained in this record, the court below should have submitted to the jury for its determination the question as to whether the defendant's evidence was true, and whether the letter had been received by the plaintiff (Stevens), and, if the jury so found, under the facts contained in the record, a verdict for the defendants would have been sustained.

In the second place, we think the court below was in error in instructing the jury peremptorily that sixty dollars was a reasonable attorney's fee. In the case of Humphreys County v. Cashin, 128 Miss. 237, 90 So. 888, 892, the court had under consideration the question of a reasonable attorney's fee, and the court there said: "It is true that all of the attorneys who testified relative thereto stated that three thousand five hundred dollars would be a reasonable fee for the services performed by the appellee in the suit of the appellant's treasurer; but, while such evidence is admissible, it is not conclusive of the value of such services, that being a question which the jury should determine from all of the evidence in the case, that is, the opinions of the attorneys, the character of the services rendered, the time consumed in their performance, the amounts of money involved, etc. (2 R. C. L. 1061; 22 C. J. 728; 20 Ann. Cas. 56; Holly Springs v. Manning, 55 Miss. 380; Head v. Hargrave, 105 U. S. 45, 26 L. Ed. 1028; Railroad v. Emmerson, 91 Miss. 230, 44 So. 928); and for the error committed by the court below in not permitting the jury to determine the value of the appellee's services its decree must be reversed." See, also, Capital Inv. Co. v. Benson, 146 Miss. 607, 111 So. 575.

For the errors indicated, the judgment of the court below will be reversed, and the case remanded for a new trial.

Reversed and remanded.