DOERNBECHER MFG. CO. et al. v. COMMISSIONER OF INTERNAL REVENUE.

No. 8479.

Circuit Court of Appeals, Ninth Circuit.

March 9, 1938.

O. A. Neal, of Portland, Or., for petitioners.

James W. Morris, Asst. Atty. Gen., and Sewall Key, Norman D. Keller, Louise Foster, and John J. Pringle, Jr., Sp. Assts. to Atty. Gen., for respondent.

Before WILBUR, MATHEWS, and HANEY, Circuit Judges.

WILBUR, Circuit Judge.

In pursuance of our order (9 Cir., 80 F. 2d 573) directing the Board of Tax Appeals to ascertain and fix the reasonable allowance to be made as compensation for the officers of the petitioner (Doernbecher Manufacturing Company, hereinafter referred to as the petitioner) as its ordinary and necessary expenses, the Board has fixed such compensation, varying from $36,000 per annum, in the cases of H. A. Green and B. P. John, to $3,600 for Conrad Tauscher. It is unnecessary to state the exact amounts for each year and for each officer. For the years 1922, 1923, 1924, and 1925 the Board of Tax Appeals allowed the salary fixed by the board of directors of the petitioner less the bonus allowance made to such officers by the board of directors. The allowances fixed by the Board of Tax Appeals are thus approximately half the amounts which have been paid to the officers of the corporation. The total amount claimed as deduction for 1922 to 1925, inclusive, varied from $195,996.41 for the year 1922 to $198,824.97 for the year 1925. Commencing with the year 1926 the board of directors of petitioner fixed an annual salary for each of the officers slightly in excess of the amounts previously paid as salary and bonus. This salary schedule in 1926 and 1927 was about $202,000. In 1928 and 1929 the salary of Bruno John of $75,000 per annum was not paid, he having terminated his relationship with petitioner. Slight decreases were made in the salary of two of the officials

so that the salaries paid in 1928 were $121,700 and in 1929 $112,100. In 1930 only three disputed salaries were paid, aggregating $64,549.95. The net profits to petitioner after paying the salaries in question were as follows:

| | |
|---|---|
| 1922 | $358,097.14 |
| 1923 | 300,446.55 |
| 1924 | 249,280.79 |
| 1925 | 407,368.24 |
| 1926 | 379,156.12 |
| 1927 | 258,061.65 |
| 1928 | 167,776.71 |
| 1929 | 452,579.07 |
| 1930 | 148,659.34 |

As we pointed out in our previous decision, the question of what constitutes a reasonable and necessary expense in the way of salaries is a question of fact to be determined by the Board of Tax Appeals. Its decision upon this question of fact is conclusive if supported by substantial evidence. Burnet v. Leininger, 285 U.S. 136, 52 S.Ct. 345, 76 L.Ed. 665; Helvering v. Rankin, 295 U.S. 123, 55 S.Ct. 732, 79 L. Ed. 1343; General Utilities & Operating Co. v. Helvering, 296 U.S. 200, 56 S.Ct. 185, 80 L.Ed. 154; Elmhurst Cemetery v. Com'r., 300 U.S. 37, 57 S.Ct. 324, 81 L.Ed. 491. The Board, in addition to the finding of what constitutes the reasonable value of service rendered, points out in its findings that all amounts paid in excess of the amounts allowed by the Board as reasonable compensation to the officers of the Board who are also stockholders therein were in proportion to the stock owned by each of these officers who constituted all the stockholders of the corporation, and concluded that the amounts thus paid in excess of the reasonable value of the services rendered was in fact a distribution of profits to them.

We need not inquire whether the Board was correct in its conclusion that the parties intended these added amounts as a distribution of profits, for, if the amounts paid exceeded the value of the services rendered, the corporation was only entitled to deduct the amount found by the Board of Tax Appeals to be the reasonable value of the services rendered. This was the ultimate fact.

In determining the question, it is of course significant that the officers' salaries were regulated in such fashion that each stockholder got practically the same amount he would have received if the corporation had declared dividends rather than in-

creased the salaries allowed the stockholders. Such a method of fixing salaries clearly indicates that the percentage of ownership of stock was considered by the board of directors of the corporation a significant if not a controlling factor in determining the amount of compensation. It was not necessary for the Board to have the testimony of experts as to the value of services in order to arrive at such a value, neither was it necessary for the Board to adopt the conclusions of experts who did testify. It has been said in numerous cases that the opinion of the Board of Tax Appeals must be based upon the evidence and that its members cannot supplement the evidence by their own experience unless it is within the realm of their experience. Belridge Oil Co. v. Com'r., 9 Cir., 85 F.2d 762. This rule is not applicable here. In determining a reasonable allowance for such services, the Board of Tax Appeals may exercise its own independent judgment. Its power is similar to that of a jury required to determine such value. As early as Head v. Hargrave, 105 U.S. 45, 49, 26 L.Ed. 1028, the Supreme Court, speaking through Mr. Justice Field, said: "It was the province of the jury to weigh the testimony of the attorneys as to the value of the services, by reference to their nature, the time occupied in their performance, and other attending circumstances, and by applying to it their own experience and knowledge of the character of such services. * * * The evidence of experts as to the value of professional services does not differ, in principle, from such evidence as to the value of labor in other departments of business, or as to the value of property. So far from laying aside their own general knowledge and ideas, the jury should have applied that knowledge and those ideas to the matters of fact in evidence in determining the weight to be given to the opinions expressed; and it was only in that way that they could arrive at a just conclusion. While they cannot act in any case upon particular facts material to its disposition resting in their private knowledge, but should be governed by the evidence adduced, they may, and to act intelligently they must, judge of the weight and force of that evidence by their own general knowledge of the subject of inquiry."

This rule was followed in Forsyth v. Doolittle, 120 U.S. 73, 7 S.Ct. 408, 30 L.Ed. 586, and in The Conqueror, 166 U.S. 110, 132, 17 S.Ct. 510, 41 L.Ed. 937.

The rule has been recently stated in an opinion by Judge Sanborn, speaking for the Circuit Court of Appeals for the Eighth Circuit in U. S. v. Washington Dehydrated Food Co., 89 F.2d 606, 609; by this court, speaking through Judge Haney, in Buck v. Com'r, 83 F.2d 786; and by Justice Cardozo, speaking for the Supreme Court, in Dayton Power & Lt. Co. v. Public Utilities Com'r., 292 U.S. 290, 299, 54 S.Ct. 647, 652, 78 L.Ed. 1267, where he said: "But plainly, opinions thus offered, even if entitled to some weight, have no such conclusive force that there is error of law in refusing to follow them. This is true of opinion evidence generally, whether addressed to a jury [citing cases] or to a judge [citing cases], or to a statutory board [citing cases]."

*Was there substantial evidence to support the findings of the Board of Tax Appeals?*

It is claimed that there is no substantial evidence which would justify the conclusion of the Board of Tax Appeals. In this matter the Board was fully advised as to the character of the business of the petitioner, the amount of money invested as capital in the business, the gross and net profit during the taxable years involved, the character and extent of service rendered by the officers, and the method adopted by the corporation for paying the stockholders a bonus for their services as officers in proportion to their stockholdings during the years 1922 to 1925, inclusive. It also was advised by the evidence that, although the amounts fixed by the taxpayer as compensation was about doubled in 1926, the amounts fixed were substantially in accord with the amounts previously paid in the plan of distribution.

Testimony as to the nature of the service performed, the time occupied in performing the services, and the responsibilities incurred in the performance of duties, and the amount of the income received from the corporation during this period, is all evidence tending to show the value of services rendered and constitutes substantial evidence upon which to fix the value of services rendered, either in accordance with, or in conflict with, the opinions of experts who may have testified on the subject of value. In Head v. Hargrave, 105 U.S. 45, 26 L.Ed. 1028, supra, it was held error to restrict the jury to the testimony of experts in determining the value of services rendered. It was there held that the ques-

tion of reasonableness of value was one for the jury in the light of all the evidence. That rule has not since been departed from and applies to the decision of the Board of Tax Appeals.

The Board of Tax Appeals is constantly meeting and solving the problem as to what is a reasonable allowance for the compensation of officers of a corporation and is probably in a better position to judge that matter than any individual expert who might testify upon that question. We place our decision, however, squarely upon the proposition that, where all the facts are before the Board of Tax Appeals, as was the case here, the fixing of the amount of reasonably necessary expenditure rests exclusively with the Board of Tax Appeals, and for that reason we cannot substitute our judgment on that matter even if we were disposed to do so. Moreover, we see no reason for questioning the correctness of the decision of the Board of Tax Appeals had we the power to do so.

This conclusion in effect disposes of all other questions raised by the petitioner. The decision of the Commissioner was fully sustained by the evidence before the Board and, for the reasons we have stated, cannot be successfully attacked here.

The decision of the Board of Tax Appeals is affirmed.