**LOUISVILLE CHAIR COMPANY, Inc.,**
**Plaintiff-Appellant,**

v.

**UNITED STATES of America,**
**Defendant-Appellee.**

**No. 14386.**

United States Court of Appeals
Sixth Circuit.
Nov. 24, 1961.

**622**

Charles F. Wood, Louisville, Ky., Bernard H. Barnett, of Greenebaum, Barnett, Wood & Doll, Louisville, Ky., on brief, for appellant.

Morton K. Rothschild, Washington, D. C., Louis F. Oberdorfer, Lee A. Jackson, Robert N. Anderson and Louise Foster, Dept. of Justice, Washington, D. C., and William B. Jones, U. S. Atty., Louisville, Ky., on brief, for appellee.

Before MARTIN and CECIL, Circuit Judges, and DARR, District Judge.

PER CURIAM.

The three Conrad brothers were sole shareholders and officers of the Louisville Chair Company, Inc. In the taxable years involved in this suit brought by them for refund of income and excess profits taxes, the brothers received very substantial salaries and commissions, and at the end of the taxable years each received a bonus of $10,000.

The Commissioner of Internal Revenue decided that, inasmuch as the brothers owned all the corporate stock, in equal amounts, and had received a corporate bonus at the end of each year, they were in effect paying themselves dividends under the guise of the same bonus to each brother. The burden rested upon them, as taxpayers, to show that the Commissioner was in error in his determination of the taxes.

United States District Judge Shelbourne delivered a correct and clear charge as to the law of the case, there being, as we see it, a substantial fact issue raised regardless of whether or not the Government put on any proof. The Judge charged the Jury:

"Basically in this case you are to decide whether the payments in dispute, that is, these bonus payments, were made to the three Conrad brothers solely because they were employees of the corporation, or whether, as the Government contends, these payments were made to them because they were the owners of the stock of that business.

"If these payments were made to them because they were the owners of the business, then the payments are to be treated as dividends or withdrawals of capital even though the payments took the form of compensation. * * *

"A payment by a corporation to a shareholder can in substance be a dividend, even though no dividends were formally declared and even though the payments have been labeled as a bonus or salary."

These were correct instructions, as were other portions of the Judge's charge; and there was substantial evidence to support the verdict of the jury that the bonus payments to the brothers were in fact dividends.

Accordingly, the judgment of the district court is affirmed.