PAUL E. KUMMER REALTY
COMPANY, Appellant,

v.

COMMISSIONER OF INTERNAL
REVENUE, Appellee.

No. 74–1277.

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 13, 1974.

Decided Feb. 24, 1975.

Martin A. Rosenberg, Clayton, Mo., for appellant.

Arthur D. Bailey, Atty., Tax Div., Dept. of Justice, Washington, D. C., for appellee.

Before VAN OOSTERHOUT, Senior Circuit Judge, HEANEY, Circuit Judge, and MEREDITH,* Chief District Judge.

VAN OOSTERHOUT, Senior Circuit Judge.

This is a timely appeal by the taxpayer, Paul E. Kummer Realty Company, a corporation, from decision of the Tax Court upholding the determination by the Commissioner of a deficiency in income tax due from the taxpayer for the fiscal year ending March 31, 1967, in the amount of $25,439.21. A detailed state-

* The Honorable James H. Meredith, Chief Judge, Eastern District of Missouri, sitting by designation.

ment of the pertinent facts and the basis of the decision is set out in Tax Court Memo. 1974–44, reported at P–H Memo paragraph 74,044. The deficiency arises solely out of the disallowance in part of deductions taken by the taxpayer for compensation paid by the corporation during the fiscal year 1967 to Paul H. Kummer and Edgar H. Kummer. The deduction taken for each of the Kummers just named aggregated $50,688.51 of which $17,960.00 was salary and $32,728.51 was bonus. The Commissioner, pursuant to § 162(a)(1), allowed $24,000.00 as the deduction for compensation for services rendered by each of the two Kummers and disallowed as an expense deduction the remaining $26,688.51 paid to each of them. Such disallowance resulted in the deficiency claimed and awarded. The deduction for compensation paid Paul E. Kummer in the amount of $12,477.13 was allowed and is not involved on this appeal.

Upon taxpayer's petition, the Tax Court reviewed the Commissioner's determination. An evidentiary hearing was held, much of the evidence was stipulated, but some oral evidence was received.

Taxpayer is a Missouri corporation incorporated in 1947. Taxpayer took over the real estate and related business previously operated by Paul E. Kummer as sole proprietor. At the time of the incorporation and ever since Paul E. Kummer and his sons Paul H. and Edgar H. owned all of the stock of the taxpayer and constituted the directors and officers of the corporation. At the outset, Paul E. Kummer owned 55 shares of stock and each of the sons owned 5 shares. From time to time the sons acquired additional stock through purchase from or gift by their father. During fiscal 1967 the father owned 11% of the stock and each of the sons owned 44½%.

Taxpayer was engaged in the sale and management of real estate and rental property for its own account and for others, land development, loan placement, the sale of insurance and the preparation of income tax returns. From 1954 through fiscal 1966 each of the three Kummers received equal salaries and bonuses. The basic salary paid each in 1954 was $7,420.00. By 1966 the basic salary of each was $17,160.00. The salary and bonus of the three Kummers were fixed in May of each year for the ensuing year. The average salary and bonus paid to each of the three Kummers for the 1954 to 1966 period was $14,788.00.

In 1954 taxpayer purchased a 55 acre tract of land for $57,000.00, most of which was developed and sold as residential lots. All but two lots were sold prior to 1967. A five acre commercial tract remained. An option was granted for the sale of this tract in April 1966. The sale under the option was completed in October 1966 resulting in a profit of $106,722.00. The value of the commercial property was enhanced by reason of taxpayer's residential development and similar projects by others in the area. The sale arose from a response to a "for sale" sign posted on the property.

Prior to 1967 each of the three Kummers received identical salaries and bonuses. The bonus arrangement provided that each was to receive 20% of the net pre-tax profits if such profits exceeded $15,000.00. In May 1966 shortly after the granting of the option on the commercial tract, the taxpayer's directors, consisting of the three Kummers, made and passed a resolution reading in pertinent part:

RESOLVED, that in order to encourage officers of said corporation, to wit: Paul E. Kummer, Paul H. Kummer and Edgar H. Kummer in their desire and efforts in the promotion of the business and welfare of said Corporation, they be paid, in the event the total gross income * * * should equal or exceed $15,000.00 as additional compensation to each of the aforementioned officers of, Paul E. Kummer, 8⅓%; Paul H. Kummer, 33⅓%; Edgar H. Kummer, 33⅓% of the company's net profits * * *.

By the foregoing resolution, the bonuses paid officers were increased from 60% to 75% of the company's net profits.

The Tax Court upheld the Commissioner's determination in a well-reasoned opinion. The Tax Court decision is based upon ultimate findings of fact reading:

1. Amounts paid to Paul H. Kummer and Edgar H. Kummer in excess of $24,000 each during the corporation's taxable year ended March 31, 1967, constituted unreasonable compensation for past and current services rendered by them to the corporation.

2. Amounts paid to Paul H. Kummer and Edgar H. Kummer in excess of $24,000 each during the taxable year ended March 31, 1967, were in essence distributions of corporate earnings as dividends to the Kummers.

█ If either of such findings are supported by substantial evidence, ' the Tax Court's opinion is entitled to be affirmed. The Commissioner offered no witnesses on the issue of the reasonableness of the compensation paid. Taxpayer's evidence in support of the reasonableness of the compensation paid is not strong. The Tax Court is the judge of the credibility of witnesses and is not compelled to accept the testimony of a witness even if it is not contradicted. Charles Schneider & Co. v. Commissioner of Internal Revenue, 500 F.2d 148, 155 (8th Cir. 1974), cert. denied, 420 U.S. 908, 95 S.Ct. 826, 42 L.Ed.2d 837 (1975). After a careful review of the record, we cannot say that the Tax Court's determination on the issue of reasonable compensation deductible is clearly erroneous.

In any event, the Government has made a strong case in support of its contention that the amount of the salary found to be excessive was in essence a distribution of corporate earnings as dividends to the Kummers. Substantial evidence supports such finding and the finding standing alone supports the Tax Court's decision.

█ Recently in Charles Schneider & Co. v. Commissioner of Internal Revenue, *supra,* we set out the standards governing the deductibility of bonus payments to insiders in a closely held corporation. Among other things, we there stated:

Generally speaking, the fact that compensation is based on a contingent compensation agreement, if fixed pursuant to a free bargain, is an element tending to show reasonableness. Bank of Palm Beach v. United States, 476 F.2d 1343, 1348 [201 Ct.Cl. 325] (Ct.Cl. 1973); *Irby Constr.* [Irby Constr. Co. v. United States] *supra* [290 F.2d 824, 154 Ct.Cl. 342], at 827. However, where the corporation is controlled by the very employees to whom the compensation is paid, special scrutiny must be given to such salaries, for there is a lack of arm's length bargaining as required by Treasury Regulation § 1.162–7(a)(2). *Hammond Products* [Hammond Lead Products v. Commissioner of Internal Revenue] *supra* [7 Cir., 425 F.2d 31], at 33. Heil Beauty Supplies, Inc. v. Commissioner of Internal Revenue, 199 F.2d 193, 194 (8th Cir. 1952); Hampton Co., T.C.Memo 1964–150, 23 CCH Tax Ct.Mem. 899, 902 (June 1, 1964). *Cf.* Miller Box, Inc. v. United States, 488 F.2d 695, 707 (5th Cir. 1974). In these circumstances payments under these arrangements may be distributions of earnings rather than payments of compensation for services rendered; even if they are reasonable, they would not be deductible. *Irby Constr., supra* [290 F.2d], at 827. A bonus-type contract which is reasonable with a nonstockholder employee may be unreasonable if made with a large stockholder, since the incentive of the bonus would presumably not be needed to call forth the stockholder's best efforts. *Id.;* Northlich, Stolley, Inc. v. United States, 368 F.2d 272, 278, 177 Ct.Cl. 435 (Ct.Cl.1966). *See Hampton Corp., supra,* at 902. [500 F.2d at 152–53.]

We also held, citing supporting authorities, that the absence of dividends to stockholders out of available profits justifies an inference that some of the purported compensation really represented a distribution of profits as dividends. In our present case no dividends were ever paid and the bonus payments made from year to year kept the corporate tax at a low level. It is undisputed that the sala-

ry and bonus payments were fixed by the recipients. Under such circumstances, the payments made are subject to close scrutiny.

It is also significant that the net pre-tax profits distributed to the three Kummers were almost identical to the percentage of stock held by each of them. Louisville Chair Co. v. United States, 296 F.2d 621, 622 (6th Cir. 1961); Doernbecher Mfg. Co. v. Commissioner of Internal Revenue, 95 F.2d 296, 297–98 (9th Cir. 1938). The total amount distributed pursuant to the 1966 bonus plan was $73,639.15, of which $8,182.13 was disbursed to Paul E. Kummer and $32,728.51 to each of the two sons. The amounts received by each of the Kummers when expressed as a percentage of the total amount distributed as bonus payments were Paul E. Kummer 11.11%, Paul H. Kummer 44.44%, and Edgar H. Kummer 44.44%. In the case of the sons, Paul and Edgar, these percentages are within six one-hundredths of a percentage point of their respective stockholdings.

We hold that the Tax Court's findings are supported by substantial evidence and are not induced by any erroneous view of the applicable law.

Affirmed.