# CIRCUIT COURT OF THE CITY OF ALEXANDRIA

Dolan et al.

v.

Barnes,
Alexandria Hospital,
et al.

## Case No. (Law) 12660

By JUDGE ALFRED D. SWERSKY

November 3, 1989

This matter is before the Court on the question of a limitation on the number of experts defendant Barnes may call in defense of the action for medical malpractice.

Defendant has identified ten experts in discovery and in a list furnished to the Court. Defendant has further reserved the right to call an additional expert as to future needs of the injured child. Eight of the witnesses listed are identified as being in the field of obstetrics and gynecology, one in neuropathology and mental retardation, and one in neonatology. Defendant has offered an explanation of his need for eight experts from the field of obstetrics in his letter to the Court of November 3, 1989, and that letter will be made a part of the record. This Court has the discretion to limit the number of experts called to express opinions. *Maupin v. Maupin*, 158 Va. 663 (1932).

The defendant Barnes will be limited to three experts from the field of obstetrics, as well as the two additional witnesses from the fields of neuropathology and neonatology. The three to be called at trial, now set for November

27, 1989, must be disclosed to plaintiff on or before November 20, 1989.

In addition, the expert, if needed, on the question of future needs of the infant must be disclosed to plaintiff on or before November 15, 1989.

## January 12, 1990

This matter is before the Court on defendant Hospital's Motion for Sanctions pursuant to § 8.01-271.1. At the oral argument, counsel for plaintiff asserted that prior to filing suit, he had been advised verbally by an expert witness that there was a basis for believing that the hospital was potentially liable. No written report was received from the expert at any time. Subsequent to the filing of the notice of claim and suit, counsel for plaintiff indicated that a voluntary nonsuit would be taken against the hospital; however, he would do so at the close of the evidence to insure that the co-defendant's experts did not testify that the hospital was at fault or contributed to plaintiff's injuries.

At the close of opening statements, counsel for the hospital moved for "Summary Judgment" based on the opening statement as well as the absence in the discovery materials of any factual basis from which the Court could conclude that the hospital was liable. At this point, counsel for plaintiff moved for a voluntary nonsuit and it was granted.

The Court directed that Mr. Miller submit an affidavit reflecting the fact that the expert had advised him, prior to the filing of suit, that there was a factual basis for the alleged liability of the hospital. In his submission, by letter not affidavit, counsel details meetings with experts prior to the filing of the claim but fails to assert that he was given any opinion as to the hospital's potential liability.

Under such circumstances, the Court finds that sanctions pursuant to § 8.01-271.1 are appropriate. Mr. Alexander should submit to the Court an itemized list of expenses incurred by the hospital, including attorney's fees in defense of the Motion for Judgment.

February 27, 1990

The motion of the defendant Barnes to strike the evidence of the plaintiff and enter judgment for the defendant, taken under advisement by the Court at the time of the trial must be denied.

Defendant complains that the expert for the plaintiff should not have been permitted to testify as to the standard of care in Virginia. The Court ruled at the time of trial that the statute, Code of Virginia § 8.01-580.20, as amended in 1989, applied to this case and created a presumption that plaintiff's expert knew the statewide standard of care. This expert was a physician who was licensed in another state and clearly met the "educational and examination requirements for licensure in Virginia."

While the expert's knowledge of the standard was based upon a so-called national standard of care and its applicability in Virginia, this was insufficient to rebut the presumption, and the weight to be given to his opinion was for the trier of fact. Plaintiff's expert is not disqualified from testifying as a matter of law.

Defendant's argument that there is an irreconcilable conflict between the testimony of plaintiff's experts as to causation and standard of care is likewise a matter of fact for decision by the jury, and this Court cannot say as a matter of law that plaintiff's experts were so irreconcilably in conflict that no jury question was created.

Defendant's argument that plaintiff's experts on damages were not qualified to testify is likewise without merit.

Defendant's final argument that the Court erred in prohibiting cross-examination of the damage expert as to the availability of free educational services as mandated by the Education for All Handicapped Children Act of 1975 (20 U.S.C. § 1401(a)) is without merit. The Court ruled at the time of trial that the collateral source rule would prohibit the introduction of such evidence and that ruling is correct. Absent some statutory provision for defendant's reimbursement of the state for providing such service, the result of failing to apply the collateral source rule is a windfall to the defendant at taxpayer expense. No such provision exists for such reimbursement in this sta-

tutory scheme. Even if this confers a benefit on the plaintiff, the victim should be favored over the wrongdoer. *See*, *Schickling v. Aspinall*, 235 Va. 472, 475 (1988). The fact that this is a publicly mandated program as opposed to a private insurance plan is of no consequence to the application of the collateral source rule. *Rayfield v. Lawrence*, 253 F.2d 209 (4th Cir. 1958).

For these reasons, defendant's Motion to Strike the Evidence and enter judgment on his behalf is denied.

### March 28, 1990

The motion of defendant Barnes for judgment notwithstanding the verdict or for a new trial must be denied.

The issue of the plaintiff's expert's qualifications to testify were dealt with by this Court in its opinion letter of February 27, 1990, in which it was ruled that the presumption created by § 8.01-580.20 had not been rebutted in this case, and the Court refused to rule as a matter of law that he was not qualified to testify.

Defendant now argues an overall prejudice arising out of the Court's limitation of the number of experts he could call to testify that his conduct satisfied the standard of care. The Court is satisfied that it was a proper exercise of discretion and that no prejudice resulted to the defendant. It should be noted that numerous medical witnesses were called by defendant and were permitted to testify, over plaintiff's objection, as fact witnesses. In view of the cumulative effect of such testimony, it was not an abuse of discretion to limit the number of standard of care witnesses to three.

The verdict in this case is not plainly wrong and is supported by the evidence. Code of Virginia, § 8.01-680.

The order submitted by plaintiff will be entered by this Court on Monday, April 2, 1990, and the objection of defendant will be noted thereon.