# CIRCUIT COURT OF THE CITY OF NORFOLK

Judy Smith

 v.

Brenda M. Dixit et al.

November 14, 2008

Case No. (Civil) CL07-5896

By Judge Everett A. Martin, Jr.

The plaintiff has filed a motion to limit the number of expert witnesses the defendants may call to testify at the trial of this medical malpractice action. In her amended complaint, the plaintiff alleges the defendants failed to diagnose her ailment and, therefore, to treat it properly.

The plaintiff has designated three experts. Two, Dr. Liegner and Dr. Bellovin, have treated the plaintiff and are to testify about their diagnoses and prognoses, the plaintiff's condition, and causation. The former is an internist and the latter a family practitioner. It does not appear either will testify about the standard of care. The plaintiff's third expert, Dr. Zackrison, an internist and rheumatologist, will testify about a breach in the standard of care. It appears she has not treated the plaintiff.

The defendants have designated eight experts: Dr. Auwaerter and Dr. Oldfield in infectious disease, Dr. Schoen and Dr. Wise in rheumatology, Dr. Halperin in neurology, Dr. Woodcock and Dr. Mannsheim in neuropsychiatry, and Dr. Peck in neuropsychology.

The designations of Drs. Auwaerter, Halperin, and Schoen are almost identical. That of Dr. Oldfield covers many of the same subjects but is not quite so broad as those of the first three doctors. The designation of Dr. Wise is more focused on the plaintiff; he is apparently not a participant in the medical debate on the diagnosis and treatment of Lyme disease, which is a sub-plot in this case. All five will testify about the standard of care.

The remaining three experts the defendants have designated will testify about the plaintiff's condition. They apparently will not testify about the standard of care.

The defendants claim a statutory right to present cumulative expert testimony under Code of Virginia § 8.01-581.20(C), which provides:

> In any [medical malpractice] action . . . each party may designate, identify, or call to testify at trial no more than two expert witnesses per medical discipline on any issue presented. The court may permit a party, for good cause shown, to designate, identify, or call to testify at trial additional expert witnesses. The number of treating health care providers who may serve as expert witnesses pursuant to § 8.01-399 shall not be limited pursuant to this subsection, except for good cause shown. If the court permits a party to designate, identify, or call additional experts, the court may order that party to pay all costs incurred in the discovery of such additional experts. For good cause shown, pursuant to the Rules of the Supreme Court of Virginia, the court may limit the number of witnesses other than those identified in this sub-section whom a party may designate, identify, or call to testify at trial.

This subsection was added by 2003 Va. Acts of Assembly, c. 251. Its purpose was not to abrogate the trial judge's common law authority to limit cumulative testimony, see *Maupin v. Maupin*, 158 Va. 663, 673, 164 S.E.2d 557, 560 (1932), but to adjust an issue frequently arising in medical malpractice cases, to wit: the often impecunious plaintiff's inability to afford more than one expert witness and the defendant's insurer's ability to engage a battery of them, as here. Trial judges have dealt with the issue differently. Some, in an effort to make the playing field level, might limit the defendant to the number of experts the plaintiff was calling. Others, taking a laissez-faire approach, might allow the defendant to employ such resources as he chooses to defend himself.

The statute does not entitle a party to call "two expert witnesses per medical discipline on any issue presented," as the defendants contend. The defendants would replace the words "no more than" with "at least." Under the defendants' interpretation of the statute, they are entitled to call one more neurologist on the issues on which five doctors are already testifying. Indeed, they are being modest as they have not identified doctors in other medical disciplines who could testify on the same issues. Their interpretation would produce an absurd result.

The statute prevents a trial judge from limiting a defendant to what the impecunious plaintiff can afford. It also allows the court to order a party calling "additional experts" to pay the other party's "costs incurred in the discovery of such additional experts," that is, it creates a disincentive to expert witness proliferation.

The defendants claim the plaintiff's experts represent the distinctly minority view in the diagnosis and treatment of Lyme disease. Mr. Pledger did not really contest this. I will allow the defendants to call three witnesses among Drs. Auwaerter, Oldfield, Schoen, Wise, and Halperin, and two witnesses among Drs. Woodcock, Mansheim, and Peck. This should allow the defendants to cover fully the subjects in dispute.

Mr. Pledger said at the hearing on November 12 that he may wish to depose some of the defendants' experts. The trial is to begin on December 8, and Thanksgiving intervenes. The defendants shall notify Mr. Pledger by facsimile by noon on November 20 of the names of the five experts they intend to call as witnesses.